[Civ. No. 22997. Third Dist. Dec. 22, 1983.]

CORA LEE ARREOLA GUTIERREZ, Plaintiff and Respondent, v. STATE RANCH SERVICES et al., Defendants and Appellants.

COUNSEL

T. D. Bolling, Jr., George E. Murphy and Bolling, Walter & Gawthrop for Defendants and Appellants.

Nathaniel S. Colley, Sr., and Colley, Lindsey & Colley for Plaintiff and Respondent.

OPINION

EVANS, Acting P. J.—In 1981, plaintiff brought an action against defendant seeking damages for personal injuries.[1] On February 25, 1982, plaintiff served defendant with an offer to compromise for $900,000 pursuant to Code of Civil Procedure section 998. Defendant refused.

Approximately one year later, in March 1983, a jury trial resulted in a verdict in favor of plaintiff for $1.7 million, $800,000 more than the proposed settlement offer.

On the motion of plaintiff, the trial court granted her request for prejudgment interest computed at 10 percent per annum from February 25, 1982 (the date of the offer to compromise), pursuant to the provisions of Civil Code section 3291.[2] Defendant moved for a new trial, and also argued that since Civil Code section 3291 was not enacted until April 1982, and not effective until January 1, 1983, plaintiff was not entitled to an award of prejudgment interest where the offer to compromise was made and rejected prior to the effective date of the section. Following hearing and argument,

---

[1]For purposes of clarity, defendants State Ranch Services et al., are collectively referred to as defendant.

[2]The total amount of prejudgment interest was $179,315.

the trial court issued its order denying the motion, and stated inter alia: "The Court is of the view that the [L]egislature was aware of and did intend [Civil Code section] 3291 to become effective [retroactively to] January 1, 1982, and bases its ruling thereon."

## Discussion

Civil Code section 3291 provides in pertinent part: "In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person, . . . whether by negligence or by willful intent of the other person, . . . and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure[3] which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

The provisions of Civil Code section 3291 make clear a plaintiff is not entitled to prejudgment interest as a matter of course; rather, prejudgment interest is authorized only if the defendant fails to accept a Code of Civil Procedure section 998 offer to settle and the judgment exceeds the amount of the offer.[4]

---

[3]Code of Civil Procedure section 998 provides in relevant part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of the trial as defined in subdivision 1 of Section 581, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time. If such offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly. If such offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

". . . . . . . . . . . . . . . .

"(d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

[4]Prior to the enactment of Civil Code section 3291, the statutory incentive to settle consisted of (1) imposition of costs against the losing party (Code Civ. Proc., § 1032, subd. (a)), and, if the judgment exceeded the offer and in the trial court's discretion, reasonable costs to cover the services of expert witnesses. (Code Civ. Proc., § 998, subd. (d).) (See fn. 3, ante.) As can be seen from the facts presented, Civil Code section 3291 substantially increases the stakes for a defendant where a plaintiff makes an offer to settle pursuant to Code of Civil Procedure section 998.

Civil Code section 3291 was part of Senate Bill No. 203, chapter 150 (Stats. 1982), which was signed into law on April 6, 1982. In addition to adding section 3291 to the Civil Code, chapter 150 added and amended various other statutes pertaining to interest on judgments.

The issue presented in this appeal is whether Civil Code section 3291 was intended to have retroactive application to judgments entered on or after January 1, 1982. Plaintiff insists retroactivity was intended by the Legislature. Defendant argues that since Civil Code section 3291 was not enacted until April 1982, the Legislature did not intend the section to be retroactive to January 1, 1982, and any award of prejudgment interest where the offer to compromise was made and rejected prior to January 1, 1983, is unauthorized. Defendant has the better argument.

Chapter 150 contained six sections.[5] Section 1 added section 3291 to the Civil Code. Sections 2 through 5 of chapter 150 either added or amended various other provisions of the Code of Civil Procedure raising the rate of

---

[5]Statutes 1982, chapter 150, sections 1-6, provide in relevant part:

"SECTION 1. Section 3291 is added to the Civil Code, to read:

"3291. In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of the other person, corporation, association, or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment.

". . . . . . . . . . . . . . . . . . .

"SEC. 2. Section 682.1 of the Code of Civil Procedure is amended to read:

"682.1. A writ of execution issued on a judgment for the recovery of money must be substantially in the following form:

"(Title of Court)
"(Number and abbreviated title of action)

"The People of the State of California:

"To the Sheriff, Constable or Marshal of,
or Process Server Registered in,

the _____ County of _____. Greeting:

"On _____ a judgment was entered by the above entitled court in the above entitled

\* action in favor of _____ as judgment creditor

\* and against _____ as judgment debtor and the judgment was duly entered in (referring to where entered) for

\*\*$        principal,

\*\*$        attorney fees,

\*\*$        interest, and

\*\*$_____ costs, making a total amount of

\*\*$        the judgment as entered, and

"Whereas, according to an affidavit and/or a memorandum of costs after judgment filed

interest accruing on judgments from 7 percent to 10 percent per annum. Section 6 of chapter 150, the final section of the chapter, provides: "This act governs the *rate* of interest on a judgment entered on or after January

---

herein, it appears that further sums have accrued since the entry of judgment, to wit:
**\*\*$**       accrued interest, and
**\*\*$**_____ accrued costs, together with $_____ fee for the issuance of this writ, making a total of
**\*\*$**_____ as accrued costs, accrued interest, and fees. Credit must be given for payments and partial satisfactions in the amount of $_____ which is to be first credited against the total accrued costs and accrued interest, with any excess credited against the judgment as entered, leaving a net balance actually due on the date of issuance of this writ of
**\*\*$**_____

of which $_____ is due on the judgment as entered and bears interest at 10 percent per annum, in the amount of $_____ per day, from the date of issuance of this writ to the date of levy, to which must be added the commissions and costs of the officer executing this writ.

" .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"Sec. 3. Section 685.010 is added to the Code of Civil Procedure, to read:

"685.010. (a) Interest accrues at the rate of 10 percent per annum on the amount of a judgment remaining unsatisfied.

"(b) The Legislature reserves the right to change the rate of interest provided in subdivision (a) at any time to a rate of not less than 7 percent per annum and not more than 10 percent per annum regardless of the date of entry of the judgment or the date any obligation upon which the judgment is based was incurred. The change in the rate of interest may be made applicable only to the interest that accrues after the operative date of the act that changes the rate.

"Sec. 4. Section 1710.15 of the Code of Civil Procedure is amended to read:

"1710.15. (a) A judgment creditor may apply for the entry of a judgment based on a sister state judgment by filing an application with the superior court for the county designated by Section 1710.20.

"(b) The application shall be executed under oath and shall include all of the following:

" .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(3) A statement of the amount remaining unpaid under the sister state judgment and, if accrued interest on the sister state judgment is to be included in the California judgment, a statement of the amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state), a statement of the rate of interest applicable to the judgment under the law of the sister state, and a citation to the law of the sister state establishing such rate of interest.

" .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(c) A properly authenticated copy of the sister state judgment shall be attached to the application.

"Sec. 5. Section 1710.25 of the Code of Civil Procedure is amended to read:

"1710.25. (a) Upon the filing of the application, the clerk shall enter a judgment based upon the application for the total of the following amounts as shown therein:

"(1) The amount remaining unpaid under the sister state judgment.

"(2) The amount of interest accrued on the sister state judgment (computed at the rate of interest applicable to the judgment under the law of the sister state).

"(3) The amount of the fee for filing the application for entry of the sister state judgment.

"(b) Entry shall be made in the same manner as entry of a judgment of the superior court. From the time of entry, interest shall accrue on the judgment so entered at the rate of interest applicable to a judgment entered in this state.

"Sec. 6. This act governs the *rate* of interest on a judgment entered on or after January 1, 1982, and the *rate* of interest on and after January 1, 1982, on a judgment entered before January 1, 1982." (Italics ours.)

1, 1982, and the *rate* of interest on and after January 1, 1982, on a judgment entered before January 1, 1982." (Italics ours.)

When section 6 of chapter 150 is read in the total context of the legislation, it is clear section 6 pertains *not* to the effective date of Civil Code section 3291, but is confined to the date upon which the change in interest rate takes effect with respect to interest accruing on a judgment. In effect, the Legislature limited the retroactivity of chapter 150 to a single part, i.e., the provisions which increase the per annum rate of interest on a judgment from 7 percent to 10 percent. *The effective date of Civil Code section 3291 was unaffected by section 6 as section 6 deals only with the rate of interest on a judgment, while Civil Code section 3291 is concerned with an award of prejudgment interest.*[6]

■   As a general rule of construction, statutes are not to be given retroactive application " 'unless the Legislature has expressly so declared.' " (*Interinsurance Exchange* v. *Ohio Cas. Ins. Co.* (1962) 58 Cal.2d 142, 149 [23 Cal.Rptr. 592, 373 P.2d 640].) "The Legislature, of course, is well acquainted with this fundamental rule, and when it intends a statute to operate retroactively it uses clear language to accomplish that purpose." (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 176 [18 Cal.Rptr. 369, 367 P.2d 865].) There is nothing in section 6 of chapter 150 to indicate a legislative intent that the retroactivity stated there was intended to apply to section 1 which added Civil Code section 3291, prejudgment interest in limited instances.[7]

■   The reasons for the Legislature's decision not to make Civil Code section 3291 retroactive to all judgments entered on or after January 1, 1982, are obvious. To do so would penalize every defendant who was presented with and who rejected an offer of settlement *prior to the date Civil Code section 3291 was enacted.* In effect, such an interpretation would penalize a party for an act not subject to a penalty when done. The manifest purpose of Civil Code section 3291, as plaintiff concedes, was to encourage settlements. Retroactive application would not foster attempts at settlement; it would simply impose a penalty not contemplated by the parties at the time of settlement negotiations.

Because the Legislature made only the *rate* of interest retroactive to January 1, 1982, the provisions of Civil Code section 3291 were not effective

---

[6]The Legislative Counsel concurs in this analysis. (See Ops.Cal.Legis.Counsel, No. 17984 (Nov. 2, 1982) Judgment and Prejudgment Interest.)

[7]An exception to the general rule that statutes are not construed to apply retroactively arises when the legislation merely clarifies existing law. (*Martin* v. *California Mut. B. & L. Assn.* (1941) 18 Cal.2d 478, 484 [116 P.2d 71].) Civil Code section 3291, however, substantially increases the stakes for a defendant faced with a pretrial offer to settle. (See fn. 4, *ante,* p. 85.) Obviously, the statute goes far beyond merely clarifying existing law.

until January 1, 1983. (Cal. Const., art. IV, § 8, subd. (c)(1).)[8] The trial court erred in awarding prejudgment interest where the offer of settlement was made and rejected prior to the effective date of the provisions permitting an award of prejudgment interest.

In light of the foregoing discussion, defendant's other contentions regarding application of Civil Code section 3291 need not be considered.

The judgment is modified by striking therefrom the award of prejudgment interest; in all other respects the judgment is affirmed. Defendant shall recover costs on appeal.

Sparks, J., and Dawson, J.,* concurred.

A petition for a rehearing was denied January 18, 1984.

---

[8]Article IV, section 8 of the California Constitution provides in relevant part:

"(c)(1) Except as provided in paragraph (2) of this subdivision, a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment of the statute and a statute enacted at a special session shall go into effect on the 91st day after adjournment of the special session at which the bill was passed.

"(2) Statutes calling elections, statutes providing for tax levies or appropriations for the usual current expenses of the State, and urgency statutes shall go into effect immediately upon their enactment.

"(d) Urgency statutes are those necessary for immediate preservation of the public peace, health, or safety. A statement of facts constituting the necessity shall be set forth in one section of the bill. In each house the section and the bill shall be passed separately, each by rollcall vote entered in the journal, two thirds of the membership concurring. An urgency statute may not create or abolish any office or change the salary, term, or duties of any office, or grant any franchise or special privilege, or create any vested right or interest."

Chapter 150 was not an urgency measure.

*Assigned by the Chairperson of the Judicial Council.