[No. B006967. Second Dist., Div. Four. May 31, 1985.]

PAUL SHARP, Plaintiff and Respondent, v.
BRAGG CRANE SERVICE, INC., Defendant and Appellant.

**COUNSEL**

Pray, Price, Williams & Russell and William C. Price III for Defendant and Appellant.

Billips & Desimone and John F. Maloney for Plaintiff and Respondent.

---

**OPINION**

**KINGSLEY, Acting P. J.**—Defendant appeals from an adverse judgment in an action for personal injuries. We affirm.

Plaintiff was injured in an accident while he was setting up a drilling rig. He has recovered workers' compensation from his employer and has settled with the property owner. The present action is against the supplier of the equipment involved. The appeal raises no issue as to the liability of the defendant, but attacks the amount of the judgment—$200,000 prior to certain deductions hereinafter discussed.

## I

The sole evidence as to damages (other than the medical expenses covered by the employer's workers' compensation insurance) came from plaintiff and his wife. For reasons not disclosed, defendant offered no evidence to contradict plaintiff's evidence. The amount of the recovery was attacked by a motion for new trial, which motion was denied by the trial judge. Although the recovery is large, we cannot say that it was so extreme as to induce us to overrule both the jury's estimate and that of the trial judge. The contention is rejected.

## II

Secondly, it is claimed (as an adjunct to the last contention) that counsel for the plaintiff was guilty of such misconduct as to require a reversal. We have read the portions of counsel's argument to the jury on which the claim of misconduct is based. We find no misconduct in the argument presented by plaintiff's counsel.

## III

Prior to trial, plaintiff had settled with the landowner for $10,000 and the jury had been advised of that fact.

The jury was instructed by the use of BAJI No. 14.63, which reads as follows: "It has been established that the plaintiff has settled his claim against THUMS, INC., for injuries arising out of the accident in question for $10,000.00.

"If, under the court's instructions, you find in favor of plaintiff against defendant, BRAGG CRANE SERVICE, INC., then your verdict against defendant, BRAGG CRANE SERVICE, INC., may be for only such amount, if any, as the plaintiff's total damages as found by you exceed the sum of $10,000.00."

After the jury had deliberated for some time, it became clear that it was confused by that instruction and the trial court submitted to it special interrogatory No. 1, reading as follows: "*If* there is a verdict for plaintiff, pursuant to Jury Instruction No. 14.63, did you deduct the $10,000. pretrial settlement with THUMS, INC. after arriving at the amount of the judgment for Plaintiff?" (Italics in original.)

The jury answered: "*No*. We did not deduct $10,000." (Italics in original.) Unhappy with that answer, plaintiff proposed, and (over the objection of defendant) the trial court gave special instruction interrogatory No. 2, as follows: "Pursuant to Jury Instruction 14.63, does your verdict represent Mr. Sharp's damages in excess of the $10,000. settlement with THUMS, thereby giving defendant BRAGG a credit for the $10,000. paid to Mr. Sharp by THUMS?"

The jury answered that interrogatory: "Yes." The exchange of interrogatories and answers makes it clear that defendant did receive full credit for the $10,000 settlement.

The problem arises from the ambiguous language of BAJI No. 14.63. In the official book, that instruction is entitled as one dealing with a "deduction," while the text speaks of a verdict in "excess" of the amount of the settlement. Literally, both answers to the two interrogatories were correct and consistent. The jury, in arriving at the $200,000 figure had followed the language of the instruction and had not "deducted" anything from the $200,000. As it ultimately answered, the $200,000 was "in excess of" the damages previously recovered.[1]

The contention of appellant is not borne out by the record.

## IV

■ Appellant contends that the verdict was improper because it cannot be ascertained to what extent the $200,000 represented loss of past, as

---

[1]We venture to suggest that a revision of the language of BAJI No. 14.63 might avoid the problem here presented. In practice, a jury, as well as a judge, dealing with a pretrial settlement with one or more cotortfeasors will assess the total damage, then "deduct" the settlement and render judgment for the result. That is what is done under BAJI No. 14.64 where the jury is not told of the pretrial settlement.

distinguished from loss of future, earnings. However, appellant at no time sought to secure a segregation of the elements of damage. Under those circumstances, it may not raise that issue for the first time on appeal. (*Foley v. Martin* (1904) 142 Cal. 256, 261 [71 P. 165, 75 P. 842].)[2]

V

It is agreed that the final judgment, after deductions and other adjustments, included an item of $18,932.23 for "pre-judgment interest." Plaintiff concedes that that was error (*Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83 [198 Cal.Rptr. 16], and both during the pre-appeal negotiations for settlement and in its brief here, has offered to accept a reduction in the judgment accordingly.

The judgment is modified by reducing it to $141,671.51, plus interest and costs; it is otherwise affirmed. Respondent shall recover its costs on this appeal.

ARGUELLES, J., and DUNN (G. W.), J.,* Concurring.—Most of defendant's contentions of error concerning plaintiff's testimony as to damages and the alleged prejudicial statements of plaintiff's attorney were not preserved by objection and are thus waived on appeal. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 272, pp. 4260-4261.)

Additionally, the jury was properly instructed not to award speculative damages (BAJI Nos. 14.60 and 14.61), that argument of counsel regarding damages was not evidence (BAJI No. 14.62), and that statements of counsel during trial were not to be considered as evidence (BAJI No. 1.02).

Although a special verdict was returned, the jury was not requested to segregate damages. *Pain and suffering and loss of earning capacity,* as distinguished from future lost earnings, are items of *general damage* and may be proved by the plaintiff's own testimony. (See Cal. Attorney's Damages Guide (Cont.Ed.Bar 1974) Appen.: Personal Injury, § 40, pp. 292-293.) A personal injury plaintiff may also testify as to the nature and extent of his own injuries and give his lay opinion that medical services rendered were reasonably necessary for his treatment and that the charges were reasonable (if he paid them; here, proof in the form of payments by plaintiff's

---

[2]"Neither was it necessary for the court any more than it would have been for a jury, if the case had been tried before a jury, to segregate in its findings the amount of actual damage from the amount given as exemplary damages, unless requested so to do." (142 Cal. 256, at p. 261.)

*Assigned by the Chairperson of the Judicial Council.

compensation carrier was sufficient). (See Cal. Attorney's Damages Guide, *supra,* Appen.: Personal Injury, § 35, p. 290.)

The defendant has the burden on appeal to show that the verdict was unsupported by substantial evidence. Yet, here the unsegregated verdict may properly have consisted of components reflecting pain and suffering, medical expenses, past lost earnings, and loss of earning capacity. Defendant has failed to demonstrate that any part of the verdict was unsupported, given plaintiff's *uncontradicted* testimony on damages. Had plaintiff failed to prove the elements of any of his various damage claims appropriate and timely objection should have been made. Any misconduct by plaintiff's attorney was likewise waived by failure to object. (6 Witkin, Cal. Procedure, *supra,* Appeal, § 272.)