[No. D001402. Fourth Dist., Div. One. Nov. 8, 1985.]

MARILYN JO HILL, Plaintiff and Appellant, v.
PACIFIC TELEPHONE AND TELEGRAPH COMPANY,
Defendant and Respondent.

## COUNSEL

James D. Wagner and Thistle & Krinsky for Plaintiff and Appellant.

William N. Kammer, April J. Rodewald and Gray, Cary, Ames & Frye for Defendant and Respondent.

## OPINION

**KREMER, P. J.**—Plaintiff Marilyn Jo Hill appeals an order granting defendant Pacific Telephone and Telegraph Company's (Pacific) motion compelling Hill to comply with Pacific's demand for acknowledgment of satisfaction of judgment.[1]

I

In May 1981 the superior court entered judgment favoring Hill against Pacific. In October 1983 Pacific paid the judgment plus postjudgment interest. Pacific calculated the postjudgment interest at 7 percent annually from May 1981 through December 31, 1982, and at 10 percent annually from January 1, 1983 to October 21, 1983.

Hill accepted payment but claimed the payment did not satisfy the judgment because postjudgment interest should have been calculated at 10 percent after December 31, 1981. Pacific asked the court for an order compelling Hill to comply with its demand for acknowledgment of satisfaction of judgment.

After hearing, the court found the postjudgment interest rate under Code of Civil Procedure section 685.010[2] was 7 percent through December 31, 1982 and 10 percent afterwards. The court ordered Hill to comply with Pacific's demand for acknowledgment of satisfaction of judgment. Hill appeals.

II

Hill contends under section 685.010 the postjudgment interest rate was 10 percent on and after January 1, 1982.

---

[1]This court draws the following facts from the superior court file which we judicially notice.

[2]All statutory references are to the Code of Civil Procedure unless otherwise specified.

The issue of section 685.010's effective date was settled in *American National Bank* v. *Peacock* (1985) 165 Cal.App.3d 1206 [212 Cal.Rptr. 97]. Following a review of the legislative history, the court determined the section's apparent effective date of January 1, 1982 was, in fact, a legislative oversight and the actual and legislatively intended effective date was January 1, 1983. Language to the contrary in *Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 88-89 [198 Cal.Rptr. 16], relied upon by Hill, is dicta and not founded upon the rigorous analysis of *American National Bank, supra.*

The trial court correctly determined the postjudgment interest rate under section 685.010 to be 10 percent after December 31, 1982.

DISPOSITION

The order is affirmed.

Butler, J., and Lewis, J., concurred.