[No. D004512. Fourth Dist., Div One. Sept. 30, 1987.]

REAL A. MORIN et al., Plaintiffs and Appellants, v.
ABA RECOVERY SERVICE, INC., et al., Defendants and
Respondents.

**COUNSEL**

Singleton & Ronquillo, Terry Singleton and David Ronquillo for Plaintiffs and Appellants.

Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, Michael L. Lipman, Paul E. Pierce, Jr., Sullivan, Duvall & Noya and Ronald W. Noya for Defendants and Respondents.

**OPINION**

**KREMER, P. J.**—Plaintiffs Real and Shirley Morin (Morin) appeal an order denying their request for prejudgment interest under Civil Code section 3291 against defendants ABA Recovery Service, Inc., Richard Egley and Henry Rose. Morin contends section 3291 mandates an award of interest. Although we find section 3291's language to be mandatory, on this record we are unable to determine whether Morin is entitled to an award of prejudgment interest. We thus reverse the order and remand the matter to the superior court for further proceedings.

I

In August 1980 Morin sued defendants for wrongfully repossessing Morin's trailer, alleging causes of action for intentional infliction of emotional distress and possession of personal property. Morin sought compensatory damages according to proof and $15,000 punitive damages. In September 1980 defendants answered Morin's complaint.

In December 1983 Morin served defendants with an offer to settle for $24,000 under Code of Civil Procedure section 998. Defendants allowed Morin's offer to expire.

In March 1984 the matter was arbitrated. The arbitrator awarded Morin $75,000. Defendants rejected the arbitrator's award and sought a trial de novo.

In June 1985 defendants offered Morin $40,000 under Code of Civil Procedure section 998. Morin did not accept defendants' offer.

In September 1985 Morin filed an amended complaint for possession of personal property, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence.

In September 1985 jury trial began. After Morin rested, defendants offered Morin $72,000 plus an additional $10,000 over time. Morin declined. The matter went to the jury. In November 1985 the court entered $67,500 judgment on general verdict favoring Morin, including $27,500 compensatory damages and $40,000 punitive damages.

Morin filed a cost memorandum seeking prejudgment interest under Civil Code section 3291. After hearing, the court denied Morin's request for prejudgment interest. The court stated it believed it had " . . . discretion to

deny prejudgment interest otherwise awardable under CC 3291." Morin appeals the order denying prejudgment interest.

## II

Code of Civil Procedure section 998 provides in relevant part: "(a) The costs allowed under Sections 1031 and 1032 shall be withheld or augmented as provided in this section.

"(b) Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time.

"(1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly.

"(2) If the offer is not accepted prior to trial or within 30 days after it is made, whichever occurs first, it shall be deemed withdrawn, and cannot be given in evidence upon the trial.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"(d) If an offer made by a plaintiff is not accepted and the defendant fails to obtain a more favorable judgment, the court in its discretion may require the defendant to pay a reasonable sum to cover costs of the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, the preparation or trial of the case by the plaintiff, in addition to plaintiff's costs."

Civil Code section 3291 provides in relevant part: "In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership, whether by negligence or by willful intent of the other person, corporation, association, or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to

Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

### III

Morin contends the court erred in denying prejudgment interest, asserting Civil Code section 3291 mandated an award of such interest here.

" 'The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' (*Select Base Materials* v. *Board of Equal.,* 51 Cal.2d 640, 645 [335 P.2d 672]; Civ. Code, § 4.) In ascertaining the will of the Legislature, '[t]he court turns first to the words themselves for the answer. It may also properly rely on extrinsic aids . . . . Primarily, however, the words, in arrangement that superimposes the purpose of the Legislature upon their dictionary meaning, stand in immobilized sentry, reminders that whether their arrangement was wisdom or folly, it was wittingly undertaken and not to be disregarded. [¶] . . . If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history. [Citations.] Certainly the court is not at liberty to seek hidden meanings not suggested by the statute or by the available extrinsic aids. [Citation.]' (*People* v. *Knowles,* 35 Cal.2d 175, 182-183 [217 P.2d 1].) (See also *In re Miller,* 31 Cal.2d 191, 198-199 [187 P.2d 722]; Code Civ. Proc., § 1858.)" (*Hogya* v. *Superior Court* (1977) 75 Cal.App.3d 122, 132-133 [142 Cal.Rptr. 325].)

On its face Civil Code section 3291 appears to impose upon the court a mandatory obligation to award prejudgment interest where the statutory conditions are met. The words of the statute providing the judgment "shall" bear 10 percent prejudgment interest are reasonably clear. Generally the word "shall" connotes a mandatory obligation. "The word 'shall' is ordinarily 'used in laws, regulations, or directives to express what is mandatory.' [Citations.] 'May,' on the other hand, is usually permissive." (*Hogya* v. *Superior Court, supra,* 75 Cal.App.3d at p. 133.) The Legislature is aware of this distinction and used "shall" in section 3291. This ordinary meaning of "shall" supports Morin's interpretation of the statute. Nothing in the language of section 3291 suggests its word "shall" should be construed as other than mandatory. If the Legislature intended trial courts to have discretion to deny prejudgment interest, the Legislature should have used the word "may" instead of "shall." (*Ibid.*)

However, as defendants correctly note, a statute's use of the word "shall" does not always mean its provisions are mandatory. "Shall" has

sometimes been judicially construed as directory or permissive. (*Governing Board* v. *Felt* (1976) 55 Cal.App.3d 156, 161-163 [127 Cal.Rptr. 381].)

" 'The test is this: "If to construe it as directory would render it ineffective and meaningless it should not receive that construction." [Citations.] Thus, a statute was held to be mandatory where "to construe this provision of the section as directory merely would be to defeat the very purpose of its enactment." [Citation.] ". . . [I]t appears that if public policy is in favor of the imperative meaning, the words referred to will be held mandatory." [Citation.] "In construing a statute matters of substance are to be construed as mandatory." [Citation.]' " (*Hogya* v. *Superior Court, supra,* 75 Cal.App.3d at p. 134, citing *People* v. *Municipal Court* (1956) 145 Cal.App.2d 767, 775 [303 P.2d 375].) Thus, whether the word "shall" is to be construed as mandatory or merely permissive depends on the legislative intent. (*Nasser* v. *Superior Court* (1984) 156 Cal.App.3d 52, 58 [202 Cal.Rptr. 552].)

Defendants contend the Legislature could not have intended to allow prejudgment interest under Civil Code section 3291 where the plaintiff's conduct during settlement negotiations was unreasonable, inequitable or in bad faith. However, defendants point to nothing in section 3291's legislative history suggesting the Legislature intended an award of prejudgment interest to be merely discretionary. ■ On the contrary, the available legislative history leads to the conclusion the statute's language is, indeed, mandatory. The manifest purpose of section 3291 is to encourage settlement. (Ops. Cal. Legis. Counsel, No. 17984 (Nov. 2, 1982) Judgment and Prejudgment Interest; accord, *Woodard* v. *Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 666 [217 Cal.Rptr. 514]; *Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 88 [198 Cal.Rptr. 16].) Section 3291 ". . . substantially increases the stakes for a defendant faced with a pretrial offer to settle [under Code of Civil Procedure section 998]." (*Id.* at p. 88, fn. 7.) Construing section 3291 as granting the trial court discretion to deny prejudgment interest would impair the very purpose of the statute's enactment. (Cf. *People* v. *Municipal Court, supra,* 145 Cal.App.2d at p. 775.) Interpreting the statute as mandatory furthers the legislative intent to encourage settlements.[1]

---

[1] We acknowledge concern the mandatory interest award required by Civil Code section 3291 may work unfairly where the plaintiff has rejected the defendant's written offer to settle for a sum ultimately exceeding the jury verdict. Treating the statute as requiring an interest award in any case where the judgment exceeds the plaintiff's rejected offer will result in inequity to a defendant making a timely good faith offer to settle for an amount in fact exceeding the later jury award. We nonetheless believe the Legislature rejected this concern. The Legislature intended different treatment of personal injury actions because of the manifest greater prejudice of delay in recovering personal injury damages as compared to contractual or busi-

Construing Civil Code section 3291 as mandating prejudgment interest is consistent with dictum in *Woodard* v. *Southern Cal. Permanente Medical Group, supra,* 171 Cal.App.3d at page 666: "Civil Code section 3291 mandates interest on the judgment. Certainly that mandate increases the stakes for a defendant and is a 'statutory incentive to settle' litigation. (*Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 85, fn. 4 [198 Cal.Rptr. 16].) As the Woodards point out, the bottom line of Civil Code section 3291 is to guarantee the plaintiff interest and to penalize the defendant in appropriate situations." Further, the holding in *Greenfield* v. *Spectrum Investment Corp.* (1985) 174 Cal.App.3d 111 [219 Cal.Rptr. 805], is consistent with construing section 3291 as not granting the trial court discretion to deny prejudgment interest. In *Greenfield,* the trial court awarded prejudgment interest on compensatory damages but denied prejudgment interest on punitive damages. The appellate court held prejudgment interest on the punitive damages should be allowed because the word "judgment" in section 3291 encompassed both compensatory and punitive damages. (*Id.* at pp. 124-125.)[2]

Finally, defendants contend Civil Code section 3291 should be construed as granting the trial court discretion to deny prejudgment interest because Code of Civil Procedure section 998 allows only a discretionary cost award to plaintiffs under the same circumstances. However, the Legislature clearly stated in Code of Civil Procedure section 998 the court "may" award costs while stating in Civil Code section 3291 the judgment "shall" bear prejudgment interest. Defendants identify no legal requirement the Legislature treat costs and prejudgment interest identically. ■ Further, "[w]hen the Legislature has, as here, used both 'shall' and 'may' in close proximity in a particular context, we may fairly infer the Legislature intended mandatory and discretionary meanings, respectively." (*In re Richard E.* (1978) 21 Cal.3d 349, 353-354 [146 Cal.Rptr. 604, 579 P.2d 495].)

■ Thus, we hold where the statutory conditions are met, Civil Code section 3291 mandates an award of prejudgment interest.

### IV

Defendants contend Civil Code section 3291 does not authorize a prejudgment interest award where, as here, damages may be based upon claims

---

ness-tort losses given the probability personal injury plaintiffs are likely to be physically as well as monetarily impaired. We leave to the Legislature any change in the statute.

[2]*Greenfield* finds support in legislative history suggesting the Legislature intended Civil Code section 3291 to apply to punitive damage awards. The Legislature rejected a proposed amendment providing prejudgment interest would not accrue to any portion of the judgment representing punitive damages. (Sen. No. 203, Proposed Amendments (Aug. 31, 1981) 16 Assem. Final Hist. (1981-1982 Reg. Sess.) pp. 111, 116.)

other than those for personal injury. Defendants thus assert even if section 3291's language is mandatory, the order denying prejudgment interest here should be affirmed.

■ We read Civil Code section 3291 as authorizing prejudgment interest only for the personal injury portion of a more general total recovery. We hold establishing the threshold proposition that a certain award is in fact for personal injury is a burden properly borne by the party seeking an award of interest. As we explain below, we believe the most efficient means of meeting that burden is through special jury findings. However, since such findings are not the sole means by which the fact and amount of personal injury recovery may be established, and the trial court did not reach the issue, we remand for further proceedings.

Morin's first amended complaint asserted causes of action for possession of personal property, intentional infliction of emotional distress, negligent infliction of emotional distress and negligence. In addition to seeking personal injury damages for emotional distress, Morin's pleading sought damages for wrongful repossession and detention of personal property including loss of use and enjoyment, expenses for alternative living quarters, replacement items of personal property and lost wages. The record does not show either party asked the court for special jury findings itemizing damages awarded. The jury rendered a general verdict favoring Morin for $27,500 general damages and $40,000 punitive damages. Opposing Morin's request for prejudgment interest, defendants argued no prejudgment interest should be awarded because the verdict did not indicate how much was awarded for personal injury. The superior court did not reach the issue because it misconstrued Civil Code section 3291's language as discretionary.

Civil Code section 3291 authorizes an award of prejudgment interest only for damages for personal injury. Morin sought personal injury damages and other damages. The jury returned a general verdict favoring Morin. We are unable to discern the basis for the jury's damage award. The jury may have awarded its verdict to Morin on the basis of claims for other than personal injury damages. On this record it is impossible to determine if any portion of the jury award reflects personal injury damages and thus if Morin is entitled to prejudgment interest under section 3291.

Under similar circumstances, attorney fees under Civil Code section 1717 have been limited or denied. (*McKenzie* v. *Kaiser-Aetna* (1976) 55 Cal.App.3d 84, 88-89 [127 Cal.Rptr. 275].) "Where a cause of action based on the contract providing for attorney's fees is joined with other causes of action beyond the contract, the prevailing party may recover attorney's fees under section 1717 only as they relate to the contract action. . . . A litigant

may not increase his recovery of attorney's fees by joining a cause of action in which attorney's fees are not recoverable to one in which an award is proper." (*Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 129-130 [599 P.2d 83].) Attorney fees are not allowed where it is impossible to determine what part of the jury award relates to contract. (*McKenzie* v. *Kaiser-Aetna, supra,* at pp. 88-89.)

In *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84, the judge instructed the jury on breach of contract, breach of implied warranty, negligent misrepresentation and restitution for extra work done outside the contract. Neither party requested special jury findings about what portions of the verdict were attributable to those various theories of recovery. After receiving a favorable general verdict, the plaintiff unsuccessfully sought attorney fees under Civil Code section 1717. In denying the plaintiff attorney fees, the trial judge found: " 'Plaintiff has not sustained his burden of proof to establish that the portion of the jury verdict and judgment in plaintiff's favor against defendant was based on the written contract which contains the provisions regarding attorney's fees, as opposed to having been based upon breach of a separate oral contract, or an implied warranty, or one or more of plaintiff's other theories not constituting an action on a contract which specifically provides for attorney's fees.' " (*Id.* at p. 87.)

In affirming the trial judge's denial of the plaintiff's request for attorney fees, the appellate court in *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d at pages 88-89, stated: "The net verdict and judgment were in appellant's [plaintiff's] favor, but there is no way to ascertain, in the absence of special jury findings, on which of the theories of recovery (breach of contract, negligent misrepresentation, or breach of implied warranty) the jury mainly based its award to appellant. Those theories do not all call for identical determinations of fact . . . . The three theories of recovery were thus not merely the same cause of action under different guises. . . . [¶] [A]n action for negligent misrepresentation is not an action to enforce the provisions of a contract. As the jury may have awarded its verdict to appellant on the basis of the negligent misrepresentation theory, appellant cannot recover attorney's fees under section 1717."

Like the plaintiff in *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84, Morin received a favorable general jury verdict and sought additional sums from the court based upon such general verdict. Like the *McKenzie* plaintiff, Morin had the burden to show entitlement to the additional recovery.

Imposing on Morin the burden to prove entitlement to prejudgment interest under Civil Code section 3291 is consistent with the statute's language and California law regarding burden of proof. Section 3291 autho-

rizes the plaintiff in an action to recover damages for personal injury to claim in his complaint interest on the damages alleged. ■ "The basic rule, followed in California and elsewhere, is that whatever facts a party must affirmatively plead, he also has the burden of proving." (1 Witkin, Cal. Evidence (3d ed. 1986) Burden of Proof and Presumptions, § 131, p. 116.) Under Evidence Code section 500, a party generally " . . . has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting."

■ Morin contends defendants as losing parties had the burden to request special verdicts because the general verdict imported a finding in his favor on the personal injury claims. Morin's contention is based upon the principle stated in a line of cases discussing issues regarding substantial evidence. (*McCloud* v. *Roy Riegels Chemicals* (1971) 20 Cal.App.3d 928, 935-937 [97 Cal.Rptr. 910]; *Nigro* v. *West Foods of California* (1963) 218 Cal.App.2d 567, 571-572 [32 Cal.Rptr. 692]; *Gibbons* v. *Los Angeles Biltmore Hotel* (1963) 217 Cal.App.2d 782, 786 [31 Cal.Rptr. 826]; *Thomson* v. *Casaudoumecq* (1962) 205 Cal.App.2d 549, 555 [23 Cal.Rptr. 189]; and *Behr* v. *County of Santa Cruz* (1959) 172 Cal.App.2d 697, 712-713 [342 P.2d 987].) Those cases contain language to the effect a general verdict imports findings in the winning party's favor on all averments of his pleading material to his recovery. That principle applies to uphold a general verdict where at least a single tried count or issue is supported by substantial evidence and unaffected by error even if other counts submitted to the jury lacked evidentiary support. "This rule assumes that the jury found on the cause of action or theory which was supported by substantial evidence and as to which there was no error." (*McCloud* v. *Roy Riegels Chemicals, supra,* 20 Cal.App.3d at p. 936.) "Specifically, the jury's general verdict 'imports findings in favor of the prevailing party on all material issues; and if the evidence supports implied findings on any set of issues which will sustain the verdict, it will be assumed that the jury so found. The court on appeal does not have to speculate on what particular ground the jury may have found in favor of the prevailing party.' [Citations omitted.]" *(Everett* v. *Everett* (1984) 150 Cal.App.3d 1053, 1063-1064 [201 Cal.Rptr. 351].) Witkin also describes the principle: "Where there are *several counts* or causes of action, a general verdict will stand if the evidence supports it on any one sufficient count. The general verdict 'imports' or 'implies' a finding in favor of the prevailing party on the count which is supported by evidence." (7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 331, pp. 332-333.) We note the holding in *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84, may appear inconsistent with the principle stated in the cases cited by Morin. However, we find the issue here more analogous to the attorney fee issue specifically analyzed in *McKenzie* than the general principle set forth in cases involving appellate concerns about substantial evidence.

*Imperial Cattle Co.* v. *Imperial Irrigation Dist.* (1985) 167 Cal.App.3d 263 [213 Cal.Rptr. 622], is not inconsistent with *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84. In *Imperial Cattle* the jury found the defendant liable to the plaintiff on theories of inverse condemnation and nuisance. The plaintiff then successfully sought attorney fees. The defendant appealed, contending the plaintiff was entitled only to those fees attributable to the inverse condemnation cause of action. In affirming the fee award, this court found the defendant's failure to raise the apportionment issue in the superior court precluded our considering the issue. We noted special verdicts could have revealed whether any of the damages awarded were recoverable only on the nuisance cause of action. We also noted the plaintiff's attorneys might have provided a more detailed accounting of their work in preparing and trying the case if the defendant had raised the issue in a motion to tax costs. The record did not show either tactic would have been futile. (*Imperial Cattle Co.* v. *Imperial Irrigation Dist., supra,* at pp. 277-278.)

Unlike the plaintiff in *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84, the plaintiff in *Imperial Cattle Co.* v. *Imperial Irrigation Dist., supra,* 167 Cal.App.3d 263, met its threshold burden to show the jury's verdict was based upon a theory (inverse condemnation) supporting an award of attorney fees. Once the *Imperial Cattle* plaintiff met its threshold burden, the defendant, despite opportunity, did not raise the issue that apportionment was appropriate. Here the superior court did not reach the issue whether Morin met his threshold burden to show the jury awarded damages on a personal injury theory. Thus, the matter of apportionment and the concerns we expressed in *Imperial Cattle* did not arise here.

Like the plaintiff in *McKenzie* v. *Kaiser-Aetna, supra,* 55 Cal.App.3d 84, Morin did not request special jury findings about the theories of recovery underlying its award. However, we do not bar Morin's claim for prejudgment interest for failure to seek such findings. While special jury findings would have been the most direct and effective means of establishing the fact and amount of personal injury recovery, such findings are not necessarily the sole means to determine whether the jury awarded Morin damages for personal injuries and, if such damages were awarded, their amount. Facts and circumstances peculiar to this case, possibly including such considerations as the parties' theories of the case, uncontroverted evidence or jury instructions, may permit determination of the fact and amount of personal injury recovery. As a complete transcript of the trial has not been provided us, we cannot make such determination. It remains possible that the court which heard the trial can resolve these questions through consideration of matters not before us. It would be inappropriate to bar a deserved recovery due to a procedural defect if there are factors present from which the trial court can determine if Morin has carried his burden. Further, since this is

the first appellate decision concerning requesting special verdicts under Civil Code section 3291, it would be unfair to penalize a party for not following our guidance in advance of its announcement.

The order denying Morin prejudgment interest must be reversed and the matter remanded for the trial court to determine the portion, if any, of the verdict attributable to personal injury claims and award prejudgment interest accordingly. If the trial court is unable to make such determination, prejudgment interest shall be denied.

## DISPOSITION

The order denying prejudgment interest is reversed. The matter is remanded to the superior court for further proceedings in harmony with this opinion. Each side to bear its own costs on appeal.

Wiener, J., and Work, J., concurred.