**OWENS–ILLINOIS, INC., Fibreboard Corp., Keene Corp. and Pittsburgh–Corning Corp., Petitioners**

**v.**

**ESTATE OF Otis BURT, Mable Burt, and Ronald Burt et al., Respondents.**

**OWENS–ILLINOIS, INC., Fibreboard Corp., Keene Corp. and Pittsburgh–Corning Corp., Petitioners**

**v.**

**Erma Rae FRILEY, Individually and as Representative of the Estate of Joseph Friley, Respondents.**

Nos. 94–0259, 94–0262.

Supreme Court of Texas.

Argued Nov. 16, 1994.

Decided April 27, 1995.

James H. Powers, Houston, Thomas M. Peterson, Meredith N. Landy, San Francisco, CA, Richard L. Scheer, David W. Starnes, Beaumont, James D. Miller, Paul J. Larkin, Jr., Kerrie C. Dent, Washington, DC, Kenneth C. Baker, Shelley Van Natter, Houston, Neil J. Kiely, Washington, DC, Catherine Masters Epstein, Chicago, IL, G. Luke Ashley, Jeffrey S. Boyd, Dallas, Michael K. Rose, Beaumont, John Cummings, San Francisco, CA, Nicholas S. Baldo, and R. Lyn Stevens, Beaumont, for petitioners.

John E. Williams and Richard N. Countill, Houston, for respondents.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS

Justice HIGHTOWER delivered the opinion of the Court, in which all Justices join.

In these cases, we consider the appropriate method of calculating prejudgment interest under *Cavnar v. Quality Control Parking*, 696 S.W.2d 549 (Tex.1985), in personal injury and wrongful death cases involving an asbestos-related injury or disease or other latent injury or disease. Mable Burt, Individually and as Representative of the Estate of Otis Burt, Decedent, Ronald Burt, Kathy Hunter, Gloria Polumbo, and Erma Rae Friley, Individually and as Representative of the Estate of Joseph Friley, Decedent sued Owens–Illinois, Inc., Keene Corporation, Pittsburgh Corning Corporation and others. After a jury trial, the trial court rendered judgment for Plaintiffs. The court of appeals reversed and remanded. 870 S.W.2d 556. We hold that under *Cavnar v. Quality Control Parking*, prejudgment interest in personal injury and wrongful death cases involving an asbestos-related injury or disease or other latent injury or disease accrues from a date six months after the date the defendant received notice of the claim or the lawsuit was filed, whichever occurs first. We reverse that portion of the court of appeals' judgment concerning prejudgment interest for the Burt and Friley Plaintiffs and render judgment that Mable Burt, as Representative of the Estate of Otis Burt, recover prejudgment interest from and after September 22, 1985 until the date of the trial court's judgment, that Mable Burt, Individually, recover prejudgment interest on the sum of $17,100.00 from and after September 22, 1985 until the date of the trial court's judgment and that Erma Rae Friley, Individually and as Representative of the Estate of Joseph Friley recover prejudgment interest from and after July 27, 1985 until the date of the trial court's judgment.

On March 22, 1985, Otis and Mable Burt sued Owens–Illinois, Inc., Keene Corporation, Pittsburgh Corning Corporation (collectively "Owens–Illinois") and others for negligence, strict liability and other causes of action. After Mr. Burt's death, Mable Burt as Representative of the Estate of Otis Burt and family members were added as plaintiffs (collectively "Burt Plaintiffs" or "Plaintiffs"). On January 27, 1986, Joseph and Erma Rae Friley sued Owens–Illinois, Inc., Keene Cor-

poration, Pittsburgh Corning Corporation and others for negligence, strict liability and other causes of action. After Mr. Friley's death, Erma Rae Friley as Representative of the Estate of Joseph Friley was added as a plaintiff (collectively "Friley Plaintiffs" or "Plaintiffs"). These cases and others were grouped for trial. After a jury trial, the trial court rendered judgment for the Plaintiffs. Concerning prejudgment interest, the trial court ordered that the Estate of Otis Burt recover prejudgment interest from and after September 22, 1985 until the date of the judgment (August 7, 1991), that Mable Burt recover prejudgment interest on the sum of $17,100.00 from and after September 22, 1985 until the date of the judgment (August 7, 1991)[1] and that the Friley Plaintiffs recover prejudgment interest from and after July 27, 1985[2] until the date of the judgment (August 7, 1991). Concerning prejudgment interest, the court of appeals held that accrual of prejudgment interest commences six months from the plaintiffs' last day of exposure to asbestos in the workplace. Since the record did not contain any evidence of the last day that Mr. Burt and Mr. Friley were exposed to asbestos in the workplace, the court of appeals reversed their judgments and remanded their causes to the trial court.

## I.

Owens–Illinois argues that under *Cavnar v. Quality Control Parking*, 696 S.W.2d 549

(Tex.1985), prejudgment interest in personal injury and wrongful death cases involving an asbestos-related injury or disease or other latent injury or disease should accrue from a date six months after the date the defendant received notice of the claim or the lawsuit was filed. We agree.

In *Cavnar v. Quality Control Parking*, this court held that "[i]n wrongful death and non-death personal injury cases, interest shall begin to accrue on both pecuniary and non-pecuniary damages from a date six months after the occurrence of the incident giving rise to the cause of action." 696 S.W.2d at 555. Concerning survival actions, we held that "the decedent's estate is entitled to prejudgment interest either from the date of death or ...", if "the decedent lingers for more than six months after the date of the occurrence of the incident that gave rise to the cause of action, interest shall begin to accrue from a date six months after the cause of action accrues." *Id.* In permitting an award of prejudgment interest in wrongful death and personal injury cases, this court sought to accomplish several objectives—(1) encourage prompt and full compensation for plaintiffs, (2) expedite settlements and trials, and (3) remove incentives for defendants to delay as long as possible without creating incentives for plaintiffs to delay. *Id.* at 554.[3] "We recognize[d] that

---

1. Although the trial court included prejudgment interest on the $17,100.00 damages awarded to Mable Burt, the trial court did not include prejudgment interest on a separate $8,550.00 damage award to Mable Burt. Since neither Mable Burt nor Owens–Illinois complains of the trial court's failure to include prejudgment interest on the separate $8,550.00 damage award, we do not address or disturb it.

2. The trial court apparently began the accrual of prejudgment interest six months after the lawsuits were filed. However, the beginning date for the accrual of prejudgment interest for the Friley Plaintiffs was mistakenly identified in the judgment as "July 27, 1985" rather than "July 27, 1986." Since Owens–Illinois does not complain of this "clerical error," we do not address it.

3. *See Domangue v. Eastern Air Lines, Inc.*, 722 F.2d 256, 264 (5th Cir.1984) (encourage speedy compensation of victims, discourage delay by defendant, and induce prompt defense consideration of settlement possibilities); *DiMeo v. Phil-*

*bin*, 502 A.2d 825, 826 (R.I.1986) ("encourage settlement of cases sounding in tort without undue delay."); *Gutierrez v. State Ranch Services*, 150 Cal.App.3d 83, 198 Cal.Rptr. 16, 20 (1983) ("The manifest purpose of [the prejudgment interest statute] was to encourage settlements."); *Denham v. Bedford*, 407 Mich. 517, 287 N.W.2d 168, 175 (1980) (compensates prevailing party and encourages settlements); *Kotzian v. Barr*, 81 N.J. 360, 408 A.2d 131, 133 (1979) (compensate plaintiff and encourage prompt consideration of settlement possibilities); *Laudenberger v. Port Auth. of Allegheny Cty.*, 496 Pa. 52, 436 A.2d 147, 151, 157 (1981) (compensate plaintiff, encourage prompt settlement and alleviate delay in disposition of cases); *Porter v. Clerk of Superior Court*, 368 Mass. 116, 330 N.E.2d 206, 208 (1975) (compensation for delay). *See also Trans–Global Alloy Ltd. v. First Nat. Bank of Jefferson Parish*, 583 So.2d 443, 458 (La.1991) (prejudgment interest removes the economic incentive for defendants to delay settlements). *But see* Diane Rawson, Comment, *Reforming Texas Tort Reform: The Case Against Prejudgment Interest on Future*

damages are typically incurred intermittently throughout the prejudgment period" and even though a "plaintiff is not entitled to recover prejudgment interest on damages until those damages have actually been sustained," *Cavnar,* 696 S.W.2d at 554, "a system which would force litigants to determine precisely when each element of a plaintiff's damages award was incurred would impose an onerous burden on both the trial bench and bar." *Id.* at 555. Furthermore, we acknowledged that "[s]ince no statute controls the award of prejudgment interest in personal injury cases, the Cavnars must rely upon equitable considerations in order to prevail on their prejudgment interest claim." *Id.* at 552.

■ In 1987, the legislature added section 6 to article 5069–1.05 of the Revised Civil Statutes of Texas. Section 6 requires that "[j]udgments in wrongful death, personal injury and property damage cases must include prejudgment interest." TEX.REV.CIV.STAT. art. 5069–1.05, § 6(a) (Supp.1995). Section 6 further states that

> prejudgment interest accrues on the amount of the judgment during the period beginning on the 180th day after the date the defendant receives written notice of a claim or on the day the suit is filed, whichever occurs first, and ending on the day preceding the date judgment is rendered.

*Id.* However, section 6 applies only to actions commenced on or after its effective date (September 2, 1987), or to new trials or retrials following an appeal in an action commenced before the effective date. Act of June 16, 1987, 70th Leg., 1st C.S., ch. 3, § 3(a), 1987 Tex.Gen.Laws 51, 52. Since the Plaintiffs commenced their actions in 1985 and 1986, section 6 is not applicable and *Cavnar* controls the disposition of this case.

---

*Damages,* 46 BAYLOR L.REV. 1111, 1122 (1994) ("*Cavnar's* use of prejudgment interest as a settlement incentive merely encourages parties to settle before prejudgment interest is assessed by the court and will not promote 'early' pretrial settlements.").

4. The six month period is consistent with *Cavnar* and the current prejudgment interest statute, TEX. REV.CIV.STAT art. 5069–1.05, § 6.

## II.

■ In most cases, the application of *Cavnar* is uncomplicated because "the occurrence of the incident giving rise to the cause of action" will be self evident. However, in an asbestos-related injury or disease or other latent injury or disease case, the literal application of *Cavnar* is impossible because the injury or disease is not necessarily the result of any particular incident and there are potentially long latency periods between exposure and manifestation of harm. Although we cannot literally apply *Cavnar* in an asbestos-related injury or disease or other latent injury or disease case, we can consider the objectives this court sought to accomplish in *Cavnar* when determining when prejudgment interest begins to accrue. There are at least four possibilities under *Cavnar* of when prejudgment interest begins to accrue—six months [4] after (1) the date a worker was first exposed to asbestos in the workplace, (2) the last date a worker was exposed to asbestos in the workplace, (3) the date a worker knew or should have known that he or she had an asbestos-related injury or disease and (4) the date the defendant received notice of the claim or the lawsuit was filed, whichever occurs first.

The first two possibilities—the date a worker was first exposed to asbestos and the last date a worker was exposed to asbestos in the workplace [5]—are contrary to the objectives this court sought to accomplish in *Cavnar.* These dates overcompensate plaintiffs by awarding interest on losses not yet incurred and do not encourage expedited settlements and trials. In addition, these dates do not remove incentives for plaintiffs to delay. The third possibility—the date a worker knew or should have known that he or she had an asbestos-related injury or disease—is not consistent with most of the objectives this court sought to accomplish in *Cavnar.* Although this date encourages full compensation for plaintiffs, it does not en-

---

5. *But see Cimino v. Raymark Industries, Inc.,* 751 F.Supp. 649, 655 (E.D.Tex.1990) (prejudgment interest accrues six months after a plaintiff's last exposure to asbestos fibers).

courage expedited settlements and trials. This date will encourage (if not require) litigation to determine the date when the worker knew or should have known that he or she had an asbestos-related injury or disease. In addition, it would require the defendant to pay prejudgment interest before the defendant knows of the worker's injury or disease and before the defendant could possibly settle. The fourth possibility—the date the defendant received notice of the claim or the lawsuit was filed, whichever occurs first—is consistent with most of the objectives this court sought to accomplish in *Cavnar*. This date encourages sufficient compensation for plaintiffs. It would provide a definite date for the accrual of prejudgment interest to begin—six months after the defendant received notice of the claim or the lawsuit was filed, whichever occurs first. Obviously, a defendant must have notice and an opportunity to settle a claim in order to advance *Cavnar*'s objective of expedited settlements and trials. Since the defendant would be aware of the date that prejudgment interest would begin to accrue, this date would encourage expedited settlements and trials. It also removes incentives for defendants to delay as long as possible without creating incentives for plaintiffs to delay. Furthermore, the fourth possibility is also consistent with the current prejudgment interest statute, which is applicable to actions commenced on or after September 2, 1987. TEX.REV.CIV. STAT. art. 5069–1.05, § 6. *See generally* Don W. Cloud, Jr., Note, *Cavnar v. Quality Control Parking, Inc.: Prejudgment Interest is Now Recoverable in Personal Injury, Wrongful Death and Survival Action Cases,* 38 BAYLOR L.REV. 385, 408–09 (1986). *But see* Diane Rawson, Comment, *Reforming Texas Tort Reform: The Case Against Prejudgment Interest on Future Damages,* 46 BAYLOR L.REV. 1111, 1133–35 (1994). Consequently, we hold that under *Cavnar v. Quality Control Parking,* prejudgment interest in personal injury and wrongful death cases involving an asbestos-related injury or disease or other latent injury or disease accrues from a date six months after the date the defendant received notice of the claim or the lawsuit was filed, whichever occurs first.

We reverse that portion of the court of appeals' judgment concerning prejudgment interest for the Burt and Friley Plaintiffs and render judgment that Mable Burt, as Representative of the Estate of Otis Burt, recover prejudgment interest from and after September 22, 1985 until the date of the trial court's judgment, that Mable Burt, Individually, recover prejudgment interest on the sum of $17,100.00 from and after September 22, 1985 until the date of the trial court's judgment and that Erma Rae Friley, Individually and as Representative of the Estate of Joseph Friley recover prejudgment interest from and after July 27, 1985 until the date of the trial court's judgment.