**Aubrey Tinsley SADE, Plaintiff-Appellant,**

v.

**NORTHERN NATURAL GAS COMPANY, Defendant-Appellee.**

No. 73–1972.

United States Court of Appeals, Tenth Circuit.

Aug. 23, 1974.

Gary Duckworth, Oklahoma City, Okl. (Lampkin, Wolfe, Burger, Abel, McCaffrey & Norman, Oklahoma City, Okl., on the brief), for plaintiff-appellant.

Richard W. Fowler, Oklahoma City, Okl. (F. Vinson Roach and T. N. Wright, Omaha, Neb., on the brief), for defendant-appellee.

Before BREITENSTEIN, McWILLIAMS and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue here to be resolved is whether the trial court erred in refusing to award prejudgment interest in an action for fraud and deceit. Resolution of the controversy turns on the meaning of an Oklahoma statute. The statute involved, 12 Okl.St.Ann. § 727, provides as follows:

"* * *.

"(2) When a *verdict for damages by reason of personal injuries* is accepted by the trial court, the court in rendering judgment shall add interest on said verdict at the rate of six percent (6%) per annum from the date the suit was commenced to date of verdict." (Emphasis added.)

The italicized portion of the statute is the critical language. As indicated, the trial court declined to award prejudgment interest on the ground that the aforesaid statute only applied if the ries" and that here the verdict was by reason of fraud and deceit, not personal injuries. Under the rather unusual facts of the instant case, we agree that 12 Okl.St.Ann. § 727 has no application.

This is the third time this case has been before us. In the present proceeding we shall only refer to those facts germane to the narrow issue now before us. For general background information, see our prior opinions, Sade v. Northern Natural Gas Company, 458 F. 2d 210 (10th Cir. 1972), hereinafter referred to as Sade No. 1, and Sade v. Northern Natural Gas Company, 483 F. 2d 230 (10th Cir. 1973), hereinafter referred to as Sade No. 2.

Sade suffered severe personal injuries in an industrial accident occurring in Kansas. Sade was an employee of Dresser Engineering Corporation, an Oklahoma corporation. Dresser, as an independent contractor, had entered into a contract with Northern to perform certain work at Northern's pumping station near Tescott, Kansas. The cause of Sade's personal injuries was conceded to be the negligence of one or more of Northern's employees.

Some five months after the accident in which he sustained severe personal injuries, Sade and Northern entered into a compromise and settlement agreement whereby for $17,500 Sade released all claims he might have against Northern on account of injuries sustained in the accident. Sade later sued certain of Northern's employees in the state courts of Kansas for their negligence, which, as above mentioned, is conceded to be the cause of Sade's personal injuries. The Kansas trial court, however, dismissed Sade's action on the ground that the release referred to above released not only Northern, but Northern's employees as well. On appeal, this action was affirmed. Sade v. Hemstrom, 471 P.2d 340 (Kan.1970).

It was in this general setting that on March 5, 1969, Sade brought the present action against Northern in the United States District Court for the Western District of Oklahoma. It was Sade's theory of the case that the release which he signed was induced by fraud and deceit on the part of Northern, such fraud and deceit consisting of false representations by Northern that the release applied only to Northern, and not to its employees, and that under the release Sade was free to bring suit against Northern's employees and make an additional recovery for his personal injuries. The release, incidentally, mentioned only

Northern, and made no reference to its employees.

The trial court in the instant case first granted summary judgment in favor of Northern on the ground that Oklahoma Workmen's Compensation Law precluded the maintenance of the action. We reversed in Sade No. 1. On remand trial to a jury ensued, culminating in verdict in favor of Sade for $200,000. This verdict was returned on September 14, 1972, and judgment in that amount was entered by the trial court on September 19, 1972. On appeal, we affirmed in Sade No. 2, although we did direct that the judgment be reduced by $17,500, the sum previously paid Sade by Northern, thereby reducing the judgment to $182,500.

Sade later asked the trial court to enter an additional judgment for so-called prejudgment interest, dating from March 5, 1969, the date when the suit was commenced, to September 19, 1972, the date when judgment entered on the jury's verdict, at the rate of 6% per annum, as provided by 12 Okl.St.Ann. § 727. The total amount of such prejudgment interest is $42,207.76. We are not here concerned with postjudgment interest. That was paid by Northern at the same time it satisfied the judgment for $182,500 as affirmed by us in Sade No. 2. So, the narrow issue here to be revolved is whether the trial court erred in its disallowance of prejudgment interest in the sum of $42,207.76.

■ Sade's claim for prejudgment interest is based entirely on the Oklahoma statute above referred to. If the statute does not apply, then prejudgment interest is not recoverable. The statute itself is of comparatively recent origin, and there are apparently no decisions of the Oklahoma Supreme Court construing the language contained therein. In such circumstances the views of a federal district judge on the unsettled law of his F.2d 619 (10th Cir. 1971). Certainly state are persuasive and ordinarily accepted. Vaughn v. Chrysler Corp., 442 the interpretation given the statute by the trial court is not in our view clearly erroneous. Binkley v. Manufacturers Life Insurance Co., 471 F.2d 889 (10th Cir. 1973).

Not only is there no Oklahoma authority on the subject here at hand, there is apparently no authority outside Oklahoma that touches upon the issue here presented. At least counsel has not directed our attention to any authority from any source bearing on the matter. We suggest, however, that our own opinion in Sade No. 1 throws light upon the question as to whether the verdict of the jury was "by reason of personal injuries."

As indicated, the trial court in the instant case initially granted summary judgment in favor of Northern on the ground that Oklahoma Workmen's Compensation Law precluded maintaining an action against Northern. And it is quite true that under both Kansas and Oklahoma Workmen's Compensation Laws Sade could not maintain an action against Northern for his personal injuries based on common law negligence. Sade's only remedy was workmen's compensation benefits. Accordingly, in reversing in Sade No. 1, we emphasized that the action was not one in negligence for personal injuries, but was for fraud and deceit based on false representations made by Northern. By reason of these false representations, though Sade may have indeed suffered legal injury, he did not suffer personal injuries, as such. Rather, because of these false representations Sade unwittingly surrendered his right to proceed against Northern's employees in the state courts of Kansas, where he could have obtained damages for what truly were the personal injuries caused by such employees' negligence. It was on this basis only that we reversed in Sade No. 1 and held that Sade did have a cause of action against Northern "for damages resulting from alleged fraud and deceit on the part of Northern."

So, in Sade No. 1 counsel for Sade necessarily had to contend that his was not an action for personal injuries caused by the negligence of Northern's employees, since such an action by Sade against Northern would be barred by both Kansas and Oklahoma law. Accordingly, in that case Sade argued, and successfully so, that his was an action based on fraud and deceit, not one for personal injuries. Here, however, it seems to us that Sade is reversing his field and is now trying to convince us that his damages were actually by reason of personal injuries. It seems to us that Sade's position in the instant appeal is inconsistent with his position in Sade No. 1. More importantly, we believe Sade's present position is inconsistent with the language and reasoning in Sade No. 1. Indeed, Sade's present position is virtually at odds with what we deem to be the law of the case.

In any event, we are disinclined to disturb the trial court's holding that the facts of the instant case do not bring it within the provisions of 12 Okl. St.Ann. § 727. As indicated, our resident judge's best judgment as to the meaning of a state statute which has not been given prior construction or interpretation by a state court is entitled to consideration. We agree with the trial court that the verdict in the instant case was not "by reason of personal injuries," but was by reason of fraud and deceit. By such fraud and deceit Sade did not sustain personal injuries, but rather gave up a valuable legal right, namely, the right to sue Northern's employees in Kansas for their negligence. The fact that in determining the value of the right thus surrendered the jury was permitted to consider what Sade might reasonably have been able to recover in his Kansas proceeding against Northern's employees does not change the situation. In sum, we accept the trial court's interpretation of the Oklahoma statute.

Judgment affirmed.