[Civ. No. 26190. Fourth Dist., Div. One. Oct. 25, 1983.]

KATHERINE HARSANY, as Administratrix, etc., et al.,
Cross-complainants and Respondents, v.
CESSNA AIRCRAFT COMPANY et al.,
Cross-defendants and Appellants.

## COUNSEL

Gray, Cary, Ames & Frye, James F. Stiven, Stephen T. Landuyt, Luce, Forward, Hamilton & Scripps and Donald L. Salem for Cross-defendants and Appellants.

Kern & Wooley, Ralph S. LaMontagne, Jr., and Fred J. Meier for Cross-complainants and Respondents.

## OPINION

**WIENER, J.**—Cessna Aircraft Company and El Cajon Flying Service (Cessna) appeal that part of the judgment entered after a jury awarded pre-judgment interest to Katherine Harsany, administratrix of the estate of James H. Stilwell and Stilwell Aircraft Service (Stilwell). We affirm.

This case involves the crash of 1971 Cessna 421B on April 29, 1976. Stilwell cross-complained against Cessna and El Cajon Flying Service for property damage and loss of use of the aircraft plus interest. The case was tried to a jury on theories of strict products liability and negligence. The jury found Stilwell's damage to be $160,000 and apportioned fault as follows: to James H. Stilwell—7 percent, to El Cajon Flying Service—60 percent and to Cessna—33 percent. The jury also found interest should be awarded on the damage at the rate of 7 percent per annum from the date of the loss of the aircraft. Judgment was entered against appellants for $148,800 (93 percent of the value of the aircraft) and $53,816 (interest at 7 percent from April 29, 1976 to June 30, 1981).

The legal issue here arises from the court's instruction to the jury on prejudgment interest: "In addition to the fair market value of the property, you may also direct that interest be given upon an award to plaintiffs. This interest would be at the rate of 7% per annum and would accrue from the date of the loss of the aircraft, April 29, 1976. You are not compelled to direct that interest be given. This is a matter in your discretion."

Cessna contends the court erred because prejudgment interest was not proper in this case. It also argues if prejudgment interest is proper, it was error to remove from the jury's discretion the determination of the point in time from which the interest would begin.

I

### Purpose of Prejudgment Interest Is Compensation

The court's instruction telling the jury it had discretion to award prejudgment interest was grounded on Civil Code section 3288.[1] ██ "Prejudgment interest is awarded to compensate a party for the loss of the use of his or her property." (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 815 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642].) The policy of compensation is expressed in section 3333: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this Code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

Cessna incorrectly asserts prejudgment interest may only be awarded where damages are certain or in a case of fraud, malice or oppression. ██ In *Bullis* v. *Security Pac. Nat. Bank, supra,* 21 Cal.3d at pages 814-815, the California Supreme Court explained: "Under Civil Code section 3288, the trier of fact may award prejudgment interest '[i]n an action for the breach of an obligation not arising from contract, *and* in every case of oppression, fraud, or malice . . . .' (Italics added.) It is clear from this language that a party does not have to prove both a breach of a noncontractual obligation *and* oppression, fraud or malice. [Citations.] Even if plaintiff's damages are not liquidated, prejudgment interest may be awarded. [Citations.]" (Fns. omitted.)

Cessna attempts to dismiss this clear statement of the law as mere dictum because the damages in *Bullis* were certain. However, the Supreme Court

---

[1] All statutory references are to the Civil Code. Section 3288 provides: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

left no room for doubt of its meaning because it explicitly disapproved two cases containing statements to the contrary. (*Bullis* v. *Security Pac. Nat. Bank, supra,* 21 Cal.3d at p. 815, fn. 18.)[2] The *Bullis* dictum was reaffirmed in *Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86 [160 Cal.Rptr. 733, 603 P.2d 1329], cert. den., 449 U.S. 820 [66 L.Ed.2d 22, 101 S.Ct. 77]. "[S]ection 3288 permits discretionary prejudgment interest for unliquidated tort claims." (*Id.,* at p. 102.)

Prejudgment interest is awarded to compensate for economic loss, i.e., property. (*Bullis* v. *Security Pac. Nat. Bank, supra,* 21 Cal.3d at p. 815.) ■ "The award of such interest represents the accretion of wealth which money or particular property could have produced during a period of loss." (*Greater Westchester Homeowners Assn.* v. *City of Los Angeles, supra,* 26 Cal.3d at pp. 102-103.) ■ However, when the loss is intangible and "inherently nonpecuniary," as it is with mental and emotional injuries, prejudgment interest is not appropriate. "The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive interest on such damages adds uncertain conjecture to speculation." (*Id.,* at p. 103; see also *Curtis* v. *State of California* (1982) 128 Cal.App.3d 668, 686 [180 Cal.Rptr. 843].)

II

## PREJUDGMENT INTEREST APPROPRIATE FOR AIRCRAFT DAMAGE

The court vacillated during trial between sections 3287, subdivision (a)[3] and 3288. Section 3287, subdivision (a) applies when damages are certain, while section 3288 is used for all other damages not arising from contract. The difficulty in selecting the appropriate section was most likely due to the conflicting evidence regarding the aircraft value. Normally, the value of a mass-produced item with a blue book listing would be characterized as certain. However, at trial experts gave conflicting estimates of the value ranging from $130,000—$168,928.

The experts pointed to various factors that could affect the plane's value (e.g., the equipment installed, condition, compliance with FAA Airworthi-

---

[2]For this reason, the statement in *Southern Pac. Transportation Co.* v. *State of California* (1981) 115 Cal.App.3d 116, 122 [171 Cal.Rptr. 187] that "[i]nterest, like exemplary damages, in a tort action is recoverable only in cases involving oppression, malice, or fraud," cited by Cessna *to support its proposition, is in conflict with the law.*

[3]Section 3287, subdivision (a) provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. . . ."

ness Directives, the buyer's opinion following visual inspection and the state of the economy). From this the court had some doubt as to whether the problem fell within section 3287 and therefore it left the determination to the jury's discretion as provided in section 3288.[4]

■ This was a proper issue to give to the jury. The parties disputed the value of the plane, relying on intangible factors such as the economy and the weathered condition of the plane for their estimates. This was a *property* loss, not the type of noneconomic loss for which prejudgment interest is denied. Stilwell was " 'entitled to be placed in the same position, from a monetary standpoint, that he would have been in, had the accident not occurred.' " (*Nordahl* v. *Department of Real Estate* (1975) 48 Cal.App.3d 657, 665 [121 Cal.Rptr. 794].) The award of interest placed Stilwell in that position.

■ Cessna asserts the court's instruction to award interest, if awarded at all, from the date of the crash was in error. To the contrary, the instruction correctly pointed to the time Stilwell's loss occurred. Compensation for the loss would naturally be based on that date. (See *In re Pago Pago Aircrash of January 30, 1974, supra,* 525 F.Supp. at p. 1016 [interest on lost earnings from time they would have been earned to time of the verdict is necessary to compensate fully]; *Nordahl* v. *Department of Real Estate, supra,* 48 Cal.App.3d at p. 665 [interest runs from the time plaintiff pays money to a fraudulent defendant in order to fully compensate for the loss]; *Gherman* v. *Colburn* (1977) 72 Cal.App.3d 544, 587 [140 Cal.Rptr. 330] [jury instructed to award interest from date of breach of fiduciary duty].)

■ Although dealing with fraud, the court in *Nordahl* v. *Department of Real Estate, supra,* 48 Cal.App.3d at page 665 stated the principle behind the rule which is also applicable to this case: "When . . . a plaintiff has been deprived of the use of his money or property and is obliged to resort to litigation to recover it, the inclusion of interest in the award is necessary in order to make the plaintiff whole. It is for this reason that it is proper to have such interest run from the time the plaintiff parted with the money or property on the basis of the defendant's fraud."[5]

Cessna points to *King* v. *Southern Pacific Co.* (1895) 109 Cal. 96 [41 P. 786] in support of its argument. There the court instructed the jury: " 'If

---

[4]Section 3288 does not provide guidelines to be given the jury in exercising its discretion and none were provided by the court. This raises the question (not addressed here) whether the statute is unconstitutionally vague. (See *In re Pago Pago Aircrash of January 30, 1974* (C.D.Cal. 1981) 525 F.Supp. 1007, 1015, fn. 6.)

[5]Cessna argues it should not have to pay interest from the date of the accident because it did not know what sum it owed, nor was it responsible for delay in coming to trial. These arguments ignore the purpose of section 3288—compensation.

from the evidence you are satisfied that the [defendant negligently caused the fire and resulting damage], you will find a verdict for plaintiffs for five thousand five hundred dollars, with interest thereon at the rate of seven per cent per annum from the date of the fire.' " (*Id.*, at p. 99.) The court found this instruction to be "clearly erroneous in this, that it arbitrarily required the jury to add interest from the date of the fire to such sum as they might find to be the amount of the damage caused." (*Ibid.*) Because section 3288 calls for the jury to use its discretion, the instruction was error.

The error in *King* was the mandate to the jury to award interest if it found the defendant negligent. There is nothing to support Cessna's contention that instructing on the *date* from which interest should run was error.

There are situations where instructing on the date from which to award interest would be incorrect. For example, the date on which a loss occurred may not be ascertainable or an award may be compensating a plaintiff for future loss. Here, however, the date of the crash is the proper time to use in calculating prejudgment interest.

### III

#### INSURANCE PAYMENT EVIDENCE PROPERLY EXCLUDED

When both sides rested, the court decided to instruct the jury under section 3288. Cessna then moved to reopen to introduce evidence regarding insurance coverage and Stilwell's delay in making a claim and bringing the case to judgment. Cessna based the motion on its earlier belief the court would be proceeding under section 3287, subdivision (a). Had it known section 3288 would be used, Cessna asserts the evidence would have been introduced at the proper time.

Cessna could not have been surprised by the court's decision. Both sections 3287 and 3288 were briefed by the parties prior to trial. Additionally, the court indicated it kept the parties informed throughout the trial of its thinking on the matter. In any event, the question of surprise need not be resolved. The evidence Cessna wished to introduce is barred by the collateral source rule or was unimportant to the issue of compensation in this case.

Cessna wanted the jury to be aware of evidence Stilwell had received $189,500 in insurance proceeds for loss of the Cessna 421B. This evidence is barred by the collateral source rule. (*Helfend* v. *Southern Cal. Rapid Transit Dist.* (1970) 2 Cal.3d 1, 10 [84 Cal.Rptr. 173, 465 P.2d 61].) The case was controlled by Stilwell's insurance company and contrary to Cess-

na's contention, there was no potential for the type of double recovery disfavored in *Ferraro* v. *Southern Cal. Gas Co.* (1980) 102 Cal.App.3d 33 [162 Cal.Rptr. 238].

Evidence of any delay in filing the claim or coming to trial was also inadmissible. As discussed above, the purpose of prejudgment interest under section 3288 is to compensate a plaintiff's loss. Delay does not bear on Stilwell's compensation.

IV

DISPOSITION

Judgment affirmed.

Staniforth, Acting P. J., and Butler, J., concurred.