[No. S014133. Mar. 28, 1991.]

JULIE GOURLEY, Plaintiff and Respondent, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, Defendant and Appellant.

Counsel

Hill, Genson, Even, Crandall & Wade, Horvitz, Levy & Amerian, Horvitz & Levy, Ellis J. Horvitz, David M. Axelrad and Peter Abrahams for Defendant and Appellant.

Wylie A. Aitken and Wayne J. Austero for Plaintiff and Respondent.

Ian Herzog, Douglas Devries, Leonard Sachs, Bruce Broillet, David Harney, Laurence Drivon, Robert Steinberg, Roland Wrinkle, Harry R. Levine, Leonard Esquina, Evan D. Marshall and Hugh Hafif as Amici Curiae on behalf of Plaintiff and Respondent.

Opinion

**LUCAS, C. J.**—We granted review to resolve an issue that has engendered conflicting appellate decisions: whether a plaintiff is entitled to receive prejudgment interest under Civil Code section 3291 (hereafter section 3291) on an award of compensatory and punitive damages for an insurer's breach of the implied covenant of good faith and fair dealing. Section 3291 allows the plaintiff in "any action brought to recover damages *for personal injury* sustained by any person resulting from or occasioned by the tort of any other person, corporation, association, or partnership" (italics added) to claim 10 percent interest on the damages awarded if the plaintiff's offer to compromise pursuant to Code of Civil Procedure section 998 is rejected by defendant and plaintiff obtains a judgment in excess of plaintiff's Code of Civil Procedure section 998 offer. In the present case, the Court of Appeal affirmed the trial court's award of section 3291 interest on plaintiff Julie Gourley's judgment for compensatory and punitive damages against State Farm Mutual Automobile Insurance Company (State Farm), after deciding that an action for bad faith was an action "brought to recover damages for personal injury" under the statute.

As explained below, we hold that section 3291 interest is not available in insurance bad faith actions because such actions are brought primarily to recover *economic loss* caused by the tortious interference with a property right, and any damages recovered for actual personal injury, including emotional distress, are incidental to the award of economic damages.[1] Ac-

---

[1] We emphasize that our opinion is limited to insurance bad faith actions and in no way affects a plaintiff's right to recover section 3291 interest in a personal injury action where plaintiff also seeks to recover separate property damages.

cordingly, we conclude that an action for breach of the implied covenant of good faith and fair dealing is not an action "to recover damages for personal injury" under section 3291. We therefore reverse the Court of Appeal decision insofar as it upheld the interest award.

## I. BACKGROUND

In December 1981, Gourley was a passenger in an automobile that was struck by an out-of-control vehicle driven by an uninsured drunk driver. Gourley, who was not wearing a seat belt at the time of the accident, suffered a fractured right shoulder. She made a claim under the uninsured motorist coverage in her automobile policy with defendant, State Farm. Gourley retained counsel and demanded arbitration under the terms of her policy.

State Farm consulted an accident reconstruction expert who advised the insurer that had Gourley been wearing a seat belt, she would have suffered only minor injuries. Based on this information, State Farm offered to settle the uninsured motorist claim for $20,000, an amount State Farm believed equaled the damages Gourley would have suffered had she been wearing a seat belt.

Gourley rejected the offer and demanded the policy limit of $100,000. She provided State Farm with a medical report from a doctor who concluded she had suffered some permanent disability, would probably develop arthritis, and might require surgery in the future. The matter was then submitted to arbitration.

Before the conclusion of arbitration proceedings, Gourley reduced her demand to $60,000 and State Farm responded with a counteroffer of $25,000. The arbitrator concluded Gourley was not negligent in failing to wear a seat belt and awarded her approximately $88,000, which State Farm promptly paid.

Gourley and her husband later sued State Farm for breach of the implied covenant of good faith and fair dealing and violation of Insurance Code section 790.03. They claimed that as a consequence of State Farm's failure to provide adequate benefits under the policy, they suffered punitive and exemplary damages, and "general damages for mental and emotional distress and other incidental damages within the jurisdiction [of the court]." Gourley also filed a Code of Civil Procedure section 998 motion to compromise the judgment in the amount of $249,099, which State Farm rejected.

After finding that State Farm violated the covenant of good faith and fair dealing as to Mrs. Gourley only, the jury returned a general verdict in her

favor for $15,765 in actual damages and $1,576,500 in punitive damages.[2] The trial court denied State Farm's motion to strike or reduce the punitive damages and, pursuant to section 3291, awarded $300,000 interest on the total amount of the verdict based on Gourley's offer to compromise for $249,099 pursuant to Code of Civil Procedure section 998.

In affirming the judgment, the Court of Appeal held that section 3291 interest could accrue in an insurance bad faith action as long as the statutory prerequisites to recovery were met. The court relied on *Egan* v. *Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809 [169 Cal.Rptr. 691, 620 P.2d 141], and *Austero* v. *National Cas. Co.* (1978) 84 Cal.App.3d 1, 29-30 [148 Cal.Rptr. 653], in reasoning that because the primary focus of the action is to vindicate personal interests, it becomes a "personal injury" action within the meaning of section 3291.

As discussed above, we limited our review to the sole issue whether Gourley was entitled to receive prejudgment interest under section 3291 on all or part of the bad faith award.

## II. Discussion

### 1. *Legislative Overview*

Code of Civil Procedure section 998, subdivision (b), provides that "Not less than 10 days prior to commencement of trial, any party may serve an offer in writing upon any other party to the action to allow judgment to be taken in accordance with the terms and conditions stated at that time."

Section 3291 authorizes prejudgment interest on personal injury damages if the defendant fails to accept an offer to compromise pursuant to Code of Civil Procedure section 998 and the judgment exceeds the amount of the compromise offer. It provides in relevant part: "In any action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the tort of any other person, . . . whether by negligence or by willful intent of the other person, . . . and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

---

[2] The jury's findings made no determination whether State Farm violated Insurance Code section 790.03. Because the parties did not request special findings, we cannot determine what portion of the $15,765 compensatory damage award reflects monetary damages and what portion reflects emotional distress damages, if any. Even if the parties had requested special findings so that the amount of emotional distress damages were known, we would find section 3291 interest inapplicable under our holding that the statute does not apply to actions for breach of the implied covenant of good faith and fair dealing.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until the satisfaction of judgment."

Section 3291 was part of Senate Bill No. 203, 1981-1982 Regular Session, chapter 150, enacted in April 1982 (Stats. 1982, ch. 150, § 1, p. 493). Chapter 150 also added and amended other statutes by increasing the annual rate of interest accruing on judgments from 7 percent to 10 percent. Although the statute is silent as to its applicability to punitive damage awards, its history indicates the Legislature rejected several proposed amendments expressly providing that prejudgment interest would not accrue to that portion of the judgment representing punitive damages. (Sen. Bill No. 203, proposed amendments Aug. 31, 1981, 16 Assem. Final Hist. (1981-1982 Reg. Sess.) pp. 111, 116.)[3]

As noted above, section 3291 provides that a judgment on a personal injury damage award shall bear interest when a plaintiff's settlement offer is refused and the plaintiff recovers a more favorable judgment. Courts generally agree that the purpose of section 3291 is to provide a statutory incentive to settle personal injury litigation where plaintiff has been physically as well as economically impaired, and thus it has been considered inapplicable to contractual disputes, business-tort losses and arbitration proceedings. (See *Morin* v. *ABA Recovery Service, Inc.* (1987) 195 Cal.App.3d 200, 206-207, fn. 1 [240 Cal.Rptr. 509]; accord, *Woodard* v. *Southern Cal. Permanente Medical Group* (1985) 171 Cal.App.3d 656, 665-668 [217 Cal.Rptr. 514]; see also Ops. Cal. Legis. Counsel, No. 17984 (Nov. 2, 1982) Judgment and Prejudgment Interest [§ 3291 prejudgment interest imposed because of refusal to accept settlement offer, not because of refusal to pay sum owed].) With this background in mind, we now address whether section 3291 should apply in an insurance bad faith action.

2. *Section 3291 and Insurance Bad Faith*

██ We first discuss the nature of an insurance bad faith action to determine whether it falls within the ambit of section 3291 as an "action

---

[3] Of course, the Legislature's rejection of the proposed punitive damage amendments is inconclusive as to legislative intent. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1396 [241 Cal.Rptr. 67, 743 P.2d 1323].) In any event, because we find section 3291 does not apply to insurance bad faith awards, we need not address whether prejudgment interest is available on punitive damages awards in personal injury cases.

. . . for personal injury." As s ated above, the Court of Appeal found section 3291 applicable to actions based on breach of the implied covenant because it believed the gist of a bad faith action is to compensate the insured for the "anxiety" caused by the insurer's willful failure to pay for a loss pursuant to policy terms. Gourley agrees with the court's interpretation and further claims that because we allow recovery in tort for breach of the implied covenant of good faith and fair dealing, the nature of the harm suffered is personal injury. She relies on *Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032] (*Gruenberg*), and *Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173] (*Crisci*), to support her assertion that section 3291 interest is available in this case.

It is true that *Crisci, supra,* 66 Cal.2d 425, and *Gruenberg, supra,* 9 Cal.3d 566, allow an insured to recover in tort for damages flowing from the breach. Nonetheless, as State Farm observes, those same cases directly contravene the assertion of both Gourley and the Court of Appeal that the nature or gist of the tort action is recovery for personal injury. As we explain below, both *Crisci* and *Gruenberg* emphasize that the nature of an insurance bad faith action is one seeking recovery of a *property* right, not personal injury.

■ We have long recognized that an implied covenant of good faith and fair dealing exists to assure prompt payment of claims made by the insured. (*Crisci, supra,* 66 Cal.2d at p. 429.) In third party cases, where liability insurance is involved, an insurer's allegedly tortious refusal to accept the third party's offer to settle a claim against the insured may expose the insurer to liability in the full amount of the third party judgment as well as mental distress which constitutes an aggravation of damages when it ensues from the breach. (*Id.* at p. 433; see also *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 658 [328 P.2d 198, 68 A.L.R.2d 883].) The covenant in third party matters is based on the principle that "neither party will do anything which will injure the right of the other to receive the benefits of the agreement." (*Crisci, supra,* at p. 429; accord, *Comunale, supra,* 50 Cal.2d at p. 658.)

A similar implied covenant exists to assure the insurer makes prompt payment of claims to the insured. The substance of a bad faith action in these first party matters is the insurer's unreasonable refusal to pay benefits under the policy. (*Gruenberg, supra,* 9 Cal.3d 566, 575.) In both the first and third party contexts, however, we have observed that "the obligations of the insurer 'are merely two different aspects of the same duty.' " (*Egan* v. *Mutual of Omaha Ins. Co., supra,* 24 Cal.3d 809, 818, quoting from *Gruen-*

*berg, supra,* 9 Cal.3d at p. 573; accord, *Austero* v. *National Cal. Co., supra,* 84 Cal.App.3d 1, 26-31.)

Based on these principles, we have allowed the insured to recover in tort for emotional distress damages flowing from the insurer's breach. In so doing, however, we recognized that the bad faith action is not a suit for personal injury, but rather "relates to financial damage." (*Crisci, supra,* 66 Cal.2d at p. 432) Nonetheless, we determined that "mental suffering constitutes an aggravation of damages when it naturally ensues from the act complained of." (*Id.* at p. 433.) We emphasized that "[s]uch awards are not confined to cases where the mental suffering award was in addition to an award for personal injuries; damages for mental distress have also been awarded in cases where the tortious conduct was an interference with property rights without any personal injuries apart from the mental distress." (*Ibid.*)

In *Gruenberg, supra,* we further explained the nature of a bad faith action—i.e., that it is an action for the interference with property rights, not personal injury. (9 Cal.3d at p. 580.) We observed that damages for emotional distress are compensable as *incidental damages* flowing from the initial breach, not as a separate cause of action: "[Because] we are concerned with mental distress resulting from a substantial invasion of property interests of the insured and not with the independent tort of intentional infliction of emotional distress, we deem [the requirements of outrageous conduct and severe emotional distress] to be inapplicable." (*Ibid.*) Thus, once the threshold requirement of economic loss is met, the insured need not show additional loss or injury to recover damages for his mental distress as long as such damages were proximately caused by his insurer's breach of the implied covenant. (See *Sprague* v. *Equifax, Inc.* (1985) 166 Cal.App.3d 1012, 1029-1031 [213 Cal.Rptr. 69].)

Whether an action for the tortious breach of the covenant of good faith and fair dealing is an action for personal injury was also addressed in *Richardson* v. *Allstate Ins. Co.* (1981) 117 Cal.App.3d 8, 12-13 [172 Cal.Rptr. 423]. In *Richardson,* an 18-year-old woman sued her automobile insurer under several causes of action, including breach of the implied covenant of good faith and fair dealing. She sought recovery for economic loss and emotional distress because her insurer had refused to pay for surgical expenses incurred by her after she was injured in an accident at the age of 15. The trial court had ruled the bad faith action was barred by the one-year statute of limitations which applies to *infringements of personal rights.* (Code Civ. Proc., § 340, subd. (3).)

The *Richardson* v. *Allstate Ins. Co.* court (*supra,* 117 Cal.App.3d 8) reversed the trial court's decision and held that a cause of action for an

insurer's breach of the implied covenant is subject to the two-year statute of limitations set forth in Code of Civil Procedure section 339, subdivision 1, because such an action is based on the *infringement of property rights*, not personal injury, notwithstanding the fact that plaintiff there had alleged a cause of action for emotional distress resulting from the insurer's bad faith. Relying on *Gruenberg, supra,* 9 Cal.3d 566, the court noted that an "action against an insurer for bad faith is conceptually similar to an action for interference with contractual relations, for in both actions the primary interest of the plaintiff which is invaded by the defendant's wrongful conduct is the plaintiff's right to receive performance under an existing contract." (*Richardson, supra,* 117 Cal.App.3d at pp. 11-12.) The court also observed that it is the nature of the right sued upon, not the form of the action or relief demanded, that controls what statute of limitations applies. (*Id.* at p. 12.)

In conclusion, the *Richardson* v. *Allstate Ins. Co.* court reasoned it would be erroneous to find "a tort action against an insurer for bad faith is based upon an alleged interference with a personal right merely because mental distress is alleged. Breach of the implied covenant of good faith is actionable because such conduct causes financial loss to the insured, and it is the financial loss or risk of financial loss which defines the cause of action. Mental distress is compensable as an aggravation of the financial damages, not as a separate cause of action." (117 Cal.App.3d at p. 13, fn. omitted.)

The present Court of Appeal rejected the *Richardson* v. *Allstate Ins. Co.* rationale that a breach of the implied covenant action is based on the infringement of property rights, not personal injury. The court attempted to distinguish *Richardson* on the ground that it concerned a statute of limitations defense rather than the applicability of section 3291 to bad faith actions. In our view, the court overlooked an important observation made by the *Richardson* court—the substantive requirements for recovery of emotional distress damages in an action for breach of the implied covenant of good faith and fair dealing. We agree with *Richardson*'s discussion of the nature of a bad faith action as an action for the interference with a property right, and will not dismiss its reasoning simply because it was concerned with a statute of limitations defense.

Indeed, we believe the same principles apply in the present case. Breach of the implied covenant is actionable in the insurance context because such conduct causes financial loss to the insured, and it is that loss which defines the cause of action. Had the Legislature intended to apply section 3291 to such an action for interference with property rights, including a breach of the implied covenant of good faith and fair dealing, it could have expressly so provided. Indeed, the language of the statute reveals that

the Legislature was seeking to restrict prejudgment interest in a particular type of award, ostensibly to encourage early settlement and to compensate injured plaintiffs for the unfair withholding of insurance proceeds. We cannot agree with either the present Court of Appeal or plaintiff that all actions for breach of the implied covenant of good faith and fair dealing involving a claim for emotional distress damages, no matter how incidental to the cause of action or how small the amount, are entitled to the special prejudgment interest award accorded by the statute. The absence of any language indicating section 3291 was intended to be applicable to incidental damages flowing from such a breach, including emotional distress damages, convinces us the Legislature did not intend to include such damages within the ambit of the statute.

Finally, although we have found no out-of-state case that poses the issue before us, we have found that other states generally do not award prejudgment interest in analogous cases relating to a tortious interference with economic rights. For example, in *Wainauskis v. Howard Johnson Co.* (1985) 339 Pa. Super. 266 [488 A.2d 1117, 1125], plaintiff sought prejudgment interest in a malicious prosecution action under a Pennsylvania statute which provided, " '[I]n an action seeking monetary relief for bodily injury, death, or property damage, or any combination thereof, the court . . . shall (1) add to the amount of compensatory damages . . . in the verdict of the jury . . . damages for delay at ten (10) percent per annum, not compounded, which shall become part of the . . . verdict.' " (488 A.2d at p. 1124, fn. 4.) Although the court observed that damages for malicious prosecution " 'may include compensation for mental anguish, humiliation, and injury to feelings' " (*Id.* at p. 1125), it rejected the claim for prejudgment interest after determining that a malicious prosecution action is based on financial loss rather than personal injury as required by the statute. (See also, *Temporaries, Inc.* v. *Krane* (1984) 325 Pa. Super. 103 [472 A.2d 668] [no recovery of prejudgment interest under same statute in action for tortious interference with contractual relations]; *Sade* v. *Northern Natural Gas Company* (10th Cir. 1974) 501 F.2d 1003 [no prejudgment interest in action for fraud and deceit under Oklahoma statute providing for prejudgment interest in actions for damages for personal injuries].)

## III. Conclusion

Based on the principles discussed above, we conclude that section 3291 prejudgment interest is unavailable in insurance bad faith actions because such actions are not "brought to recover damages for personal injury." Accordingly, we reverse the Court of Appeal with directions to vacate the award of prejudgment interest.

Shortly before the filing of our decision, the United States Supreme Court filed a decision on the constitutionality of punitive damage awards. (*Pacific Mut. Life Ins. Co.* v. *Haslip* (1991) 499 U.S. __ [113 L.Ed.2d 1, 111 S.Ct. 1032].) The court set forth several considerations for determining whether a state's system for awarding punitive damages is constitutionally sufficient. Although we limited our reveiw in this case to the issue of prejudgment interest, we believe fairness to State Farm weighs in favor of allowing it to have its constitutional challenge to the punitive damages award considered in light of *Haslip*. Therefore, on remand we direct the Court of Appeal to reconsider its decision in light of *Haslip*.

Panelli, J., Kennard, J., Arabian, J., and Baxter, J., concurred.

**BROUSSARD, J.**—I dissent. By denying recovery of interest the majority reward the insurer for delaying payment of its just debt and refusing to accept a statutory settlement offer in an amount less than the amount owed. The majority reach this result by ignoring in their analysis of Civil Code section 3291 the related prejudgment interest code provisions, the literal meaning of the language of section 3291, and the basic policies underlying the award of prejudgment interest.[1] The justification offered for this result— this is a case arising from an invasion of property interests and not a personal injury action—far from providing a justification for the majority's conclusion, points in the opposite direction because, as will appear, prejudgment interest is ordinarily recoverable in property cases. The majority have created a special exemption from the interest provisions applicable only to insurance companies and only to those insurers who have acted in bad faith. I see no justification for rewarding bad faith. Moreover, contrary to the clear legislative intent to encourage settlement by providing for the recovery of interest, the majority encourage insurers to delay and refuse settlement so that they may lend or invest funds and reap the profits and interest for their own purposes, when the funds should have been paid to the injured party.

"The fundamental rule of statutory construction is that the court should ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citations.] Moreover, 'every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.]" (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; see *Taxpayers to Limit Campaign Spending* v. *Fair Pol. Practices Com.* (1990) 51 Cal.3d 744, 764 [274

---

[1] All references to statutory provisions are to the Civil Code unless otherwise noted.

Cal.Rptr. 787, 799 P.2d 1220]; *Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230-232 [110 Cal.Rptr. 144, 514 P.2d 1224].)

Accordingly, in ascertaining the legislative intent in enacting section 3291, we must consider the related provisions for prejudgment interest of sections 3287 and 3288 and Code of Civil Procedure section 998, which is specifically referred to in section 3291.

Section 3287, subdivision (a) is the basic provision governing prejudgment interest or interest as damages. It provides: "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt . . . ."

It has long been settled that section 3287 should be broadly interpreted to provide just compensation to the injured party for loss of use of money during the prejudgment period. (*Cox* v. *McLaughlin* (1888) 76 Cal. 60, 68-69 [18 P. 100] [tracing modification of early rule from ascertainment of sum due from face of contract to reference to standards providing debtor with "proximate knowledge" of amount due]; *Chesapeake Industries, Inc.* v. *Togova Enterprises, Inc.* (1983) 149 Cal.App.3d 901, 906, 914 [197 Cal.Rptr. 348].) Thus, when value of property can be readily ascertained, prejudgment interest is allowed for its taking or destruction. (*Leff* v. *Gunter* (1983) 33 Cal.3d 508, 519-520 [189 Cal.Rptr. 377, 658 P.2d 740]; *Hamer* v. *Hathaway* (1867) 33 Cal. 117, 119-120; *Levy-Zentner Co.* v. *Southern Pac. Transportation Co.* (1977) 74 Cal.App.3d 762, 797-798 [142 Cal.Rptr. 1]; 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 1397, p. 868.) Prejudgment interest is awarded where the value of the destroyed property is established by estimates of appraisers. (*Leff* v. *Gunter, supra*, 33 Cal.3d 508, 519-520; *Koyer* v. *Detroit F. &. M. Ins. Co.* (1937) 9 Cal.2d 336, 345-346 [70 P.2d 927].) Prejudgment interest must be awarded as a matter of right under section 3287, subdivision (a), in "tort actions for property damages . . . where the value of the property destroyed can be readily calculated by reference to market values or expert testimony . . . ." (*Levy-Zentner Co.* v. *Southern Pac. Transportation Co., supra*, 74 Cal.App.3d 762, 797-798.) Prejudgment interest is also awarded on a cost-plus contract notwithstanding that some of the cost items include percentages of the plaintiff's indirect and overhead costs. (*Coleman Engineering Co.* v. *North American Aviation, Inc.* (1966) 65 Cal.2d 396, 407-409 [55 Cal.Rptr. 1, 420 P.2d 713].)

The fact that liability may be disputed does not preclude prejudgment interest. (*Olson* v. *Cory* (1983) 35 Cal.3d 390, 402 [197 Cal.Rptr. 843, 673

P.2d 720].) Nor is an award of prejudgment interest precluded by the facts that the defendant may have had unliquidated offsets, that the plaintiff reduced damages by mitigating measures (*Coleman Engineering Co.* v. *North American Aviation, Inc.*, *supra*, 65 Cal.2d 396, 409), or that the defendant was precluded from making payment by a statute subsequently declared invalid (*Olson* v. *Cory*, *supra*, 35 Cal.3d at p. 402 et seq.).

While the provision for prejudgment interest in section 3287, subdivision (a) has been broadly construed to provide compensation for loss of use of property, money, or contractual performance during the prejudgment period, the Legislature has been aware that in some cases damages are not subject to calculation even under the broad construction of subdivision (a). Subdivision (b) of the section provides for interest in contract cases where damages are uncertain or not capable of being made certain. "Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment as the court may, in its discretion, fix, but in no event earlier than the date the action was filed."

The discretion conferred is limited by the purposes underlying interest awards, and, when the trial court abuses its discretion by denying interest, the matter may be remedied on appeal. (*Esgro Central, Inc.* v. *General Ins. Co.* (1971) 20 Cal.App.3d 1054, 1064-1065 [98 Cal.Rptr. 153].)

Section 3288 provides for discretionary interest in cases other than contractual cases, including tort cases. Unlike section 3287, subdivision (b), interest for the period prior to filing of the action is not precluded. The section reads: "In an action for the breach of an obligation not arising from contract, and in every case of oppression, fraud, or malice, interest may be given, in the discretion of the jury."

To recover under section 3288, a plaintiff need not prove both a breach of a noncontractual obligation and oppression, fraud, or malice; a noncontractual obligation is sufficient. Prejudgment interest is awarded for loss of property and under this section is not limited to the date of the filing of the complaint. (*Bullis* v. *Security Pac. Nat. Bank* (1978) 21 Cal.3d 801, 814-815 [148 Cal.Rptr. 22, 582 P.2d 109, 7 A.L.R.4th 642]; *Harsany* v. *Cessna Aircraft Co.* (1983) 148 Cal.App.3d 1139, 1143-1444 [196 Cal.Rptr. 374].)

It is thus clear that the Legislature has broadly provided for interest as damages to compensate for the loss of use of property, funds, and contractual performance caused by the delay in payment. The provisions are in furtherance of the general provisions for contract and tort damages, the

"amount which will compensate the party aggrieved for all the detriment proximately caused." (§§ 3300, 3333.) In the ordinary case a plaintiff who was paid promptly for his or her damages would be able to invest the funds or obtain interest so the loss of interest is part of the "detriment proximately caused." "The award of such interest represents the accretion of wealth which money or particular property could have produced during a period of loss." (*Greater Westchester Homeowners Assn.* v. *City of Los Angeles* (1979) 26 Cal.3d 86, 102-103 [160 Cal.Rptr. 733, 603 P.2d 1329]; *Harsany* v. *Cessna Aircraft Co.*, *supra*, 148 Cal.App.3d 1139, 1143.)

When the debtor has delayed payment of the damages caused by his or her wrongdoing, the debtor is able to invest the money at interest, and the effect of denying recovery of prejudgment interest is to require the plaintiff to make an interest-free loan to the defendant from the time of loss until judgment. Because noninterest bearing loans are very valuable, it is in the interest of the "borrower" to prolong the loan as long as possible, and denial of interest provides a substantial incentive for defendants to prolong settlement negotiations or to refuse settlements contrary to our policy of encouraging settlements. (See *Morin* v. *ABA Recovery Service, Inc.* (1987) 195 Cal.App.3d 200, 207 [240 Cal.Rptr. 509]; *Gutierrez* v. *State Ranch Services* (1983) 150 Cal.App.3d 83, 85, fn. 4 [198 Cal.Rptr. 16].)

However, the courts have traditionally refused to apply sections 3287 and 3288 in situations where the defendant could not know the amount owed (e.g., *Cox* v. *McLaughlin, supra*, 76 Cal. 60, 67; *Chesapeake Industries, Inc.* v. *Togova Enterprises, Inc., supra*, 149 Cal.App.3d 901, 906-907), as in claims for damages for the noneconomic aspects of physical, mental and emotional injury. "They are inherently nonpecuniary, unliquidated and not readily subject to precise calculation. The amount of such damages is necessarily left to the subjective discretion of the trier of fact. Retroactive interest on such damages adds uncertain conjecture to speculation. Moreover where, as here, the injury was of a continuing nature, it is particularly difficult to determine when any particular increment of intangible loss arose . . . . [¶] [A] fact finder in assessing a claim of general damages for physical, mental and emotional suffering, possesses full authority to consider the duration of the alleged suffering. Accordingly, the disallowance of any interest on such a claim does not deprive the claimant of compensation for an element of actual damage. To the contrary, its allowance, in fact, may in a given case create a double recovery." (*Greater Westchester Homeowners Assn.* v. *City of Los Angeles, supra*, 26 Cal.3d 86, 103.)

On the other hand, it should be recognized that by delaying payment of damages the defendant obtains the benefit of investing the money between the time of injury and the time of judgment. While the amount of benefit

may be speculative and conjectural, the fact of benefit is clear. Further, although allowance of interest may in a given case result in double recovery, the denial of interest in other cases may result in the plaintiff failing to recover compensation "for all the detriment proximately caused." (§§ 3300, 3333.) And whatever reason is offered for the denial of interest, the denial provides a disincentive for settlement.

With this background of the related prejudgment-interest code sections we may now turn to section 3291. Sections 3287 and 3288 were first enacted in 1872, and no doubt the Legislature was well aware of their provisions when it enacted section 3291 in 1982. (Stats. 1982, ch. 150, § 1, p. 493.) The latter section provides for limited prejudgment interest in cases involving personal injury where the plaintiff makes a statutory offer to settle and then recovers a judgment in excess of the offered settlement.

Section 3291 reads: "In *any* action brought to recover damages for personal injury sustained by any person resulting from or occasioned by the *tort* of any person, corporation, association, or partnership, whether by negligence or by willful intent of the other person, corporation, association, or partnership, and whether the injury was fatal or otherwise, it is lawful for the plaintiff in the complaint to claim interest on the damages alleged as provided in this section.

"If the plaintiff makes an offer pursuant to Section 998 of the Code of Civil Procedure which the defendant does not accept prior to trial or within 30 days, whichever occurs first, and the plaintiff obtains a more favorable judgment, the judgment shall bear interest at the legal rate of 10 percent per annum calculated from the date of the plaintiff's first offer pursuant to Section 998 of the Code of Civil Procedure which is exceeded by the judgment, and interest shall accrue until satisfaction of the judgment." (Italics added.)

Under Code of Civil Procedure section 998 the parties to the litigation may make formal offers to settle, and if the offers are refused and the judgment exceeds the plaintiff's offer, the plaintiff may recover certain costs. Similarly, if a defendant's offer is not accepted and the plaintiff fails to obtain a more favorable judgment, the defendant will be awarded certain costs. The provisions of Code of Civil Procedure section 998 apply to all actions and are not limited to cases involving claims for personal injury damages.

Section 3291 obviously reflects a legislative purpose to encourage settlement by providing for a potential award of prejudgment interest. The Legislature in adopting section 3291 has clearly determined two matters. The fact

that defendant cannot know the amount owed does not furnish a reason to deny all interest in cases where the plaintiff has made the specified offer and recovered a judgment in excess of the offer. The Legislature has determined that the amount of the plaintiff's offer to settle furnishes a sufficient certainty that the defendant cannot claim that he or she did not know the amount owed. Secondly, the Legislature has determined that the risk of double recovery, balanced by the risk of inadequate recovery, does not warrant total denial of prejudgment interest for damages for personal injury where an offer by the plaintiff under Code of Civil Procedure section 998 has been refused and the plaintiff recovers a more favorable judgment.

In accordance with the language of section 3291 and its legislative purpose to promote settlement, we should hold that section 3291 may be applied in any case where the plaintiff seeks to recover damages for personal injury in a tort action, irrespective of the legal theory upon which he or she proceeds. The language of the section is: "In *any* action brought to recover damages for personal injury by any person resulting from or occasioned by the *tort* of any other person, . . ." (Italics added.) The code section does not say "personal injury action" but rather refers to "any" action to recover personal injury damages. The test is whether the action sounds in tort and whether personal injury damages are sought. There is thus no justification to limit the section to actions which may be characterized as personal injury actions as opposed to actions which involve personal injury damages whether they be characterized as personal injury actions, or property actions. The code section refers to "tort." It does not purport to distinguish between tort actions based on property interest invasions and other tort actions. The requirement is only that damages for personal injury be sought. I see no reason to depart from the plain language of the section and engraft a requirement that the action seeking damages for personal injury must not only seek such damages but must also be such that the action as a whole would be characterized as a personal injury action rather than a property damage action.

The fact that only part of a plaintiff's damages qualify for prejudgment interest, with other parts unqualified, should not preclude recovery of prejudgment interest on the portion qualified. When a case involves multiple types of damages, a plaintiff who recovers judgment should be permitted to recover prejudgment interest as to each type if warranted under the statutory provisions. For example, in the common automobile collision the plaintiff ordinarily should be permitted to recover prejudgment interest under section 3287, subdivision (a) for the damage or destruction of the automobile because the damages are capable of being made certain by calculation. The plaintiff also ought to be able to recover prejudgment interest under subdivision (a) of section 3287 for loss of earnings if the damages can be deter-

mined by calculation or section 3288 for loss of earnings if the damages cannot be determined by calculation.

Although other damages such as pain or suffering may be uncertain or speculative precluding prejudgment interest in the absence of a statutory settlement offer, this fact should not preclude recovery of prejudgment interest as to the damages to the car or loss of earnings. There is no reasonable basis to conclude that the plaintiff's joinder of claims warranting prejudgment interest with claims which do not permit prejudgment interest should work a forfeiture of the right to prejudgment interest on the former claims.

Similarly, the fact that the multiple injuries of a plaintiff may warrant prejudgment interest under different code sections should not require a forfeiture of any of the rights to prejudgment interest. The code sections may be easily applied to allow appropriate prejudgment interest for each class of damages.

It is well settled that an action, like that involved here, for breach of the covenant of good faith and fair dealing sounds in both contract and tort and ordinarily the plaintiff will have freedom of election between an action of tort and one of contract. (*Crisci* v. *Security Ins. Co.* (1967) 66 Cal.2d 425, 432[58 Cal.Rptr. 13, 426 P.2d 173]; *Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 663 [328 P.2d 198, 68 A.L.R.2d 883].) In the bad faith action, the plaintiff may recover damages for economic loss and, as the majority point out, may recover damages for mental distress due to the invasion of property rights. (Maj. opn., *ante,* pp. 127-128; *Crisci* v. *Security Ins. Co., supra,* 66 Cal.2d 425, 432 et seq.) In my view, when the plaintiff has made an offer to settle pursuant to Code of Civil Procedure section 998 and then recovered a judgment in a greater amount, the plaintiff should be entitled to prejudgment interest on the entire judgment, including mental distress damages, from the date of the statutory offer to settle; additional prejudgment interest from the time of filing the action to the date of settlement offer on other contract claims within the discretion of the court under section 3287, subdivision (b); discretionary prejudgment interest on other tort damages under section 3288; and prejudgment interest as a matter of right from the time of loss to the date of the settlement offer pursuant to section 3287, subdivision (a), insofar as the damages were subject to calculation. Such awards are necessary to meet the legislative goals of compensating "the party aggrieved for all the detriment proximately caused" (§§ 3300, 3333) and of furthering the policy in favor of settlement.

The majority interpret section 3291 as being limited to an " 'action . . . for personal injury' " (omission marks in maj. opn.; maj. opn., *ante,* pp. 126-

127) and conclude that a bad faith action does not come within the quoted term because it is an action for interference with a property right with mental distress damages awarded as an aggravation of the financial damages and not as a separate cause of action. (Maj. opn., *ante*, at pp. 129-130.) The majority have conveniently omitted the crucial part of the statute. The wording of section 3291 is "*any* action brought *to recover damages* for personal injury sustained by any person resulting from or occasioned by the *tort* of any other person." (Italics added.) As pointed out above, the section should apply, in view of the use of the words "any" and "tort" to all actions where the plaintiff seeks personal injury damages due to the defendant's tortious conduct. To limit the statute to cases where the plaintiff seeks only personal injury damages or brings a separate personal injury cause of action is improper in view of the language used, the statutory pattern attempting to permit and require prejudgment interest so that the injured party will be fully compensated by the wrongdoer, and the legislative policy to encourage settlement by taking the profit out of delay.

In the instant action, plaintiff sought "to recover damages for personal injury." Section 3291 does not require that the action be a personal injury action, or provide that it is inapplicable to actions involving an interference with property rights. The Court of Appeal concluded that the section was applicable, and I would affirm its judgment.

Mosk, J., concurred.

Appellant's petition for a rehearing was denied May 23, 1991, and the opinion was modified to read as printed above.