James W. GOOD, Plaintiff—Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant—Appellee.

No. 07–15701.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 19, 2008.*

Filed Nov. 21, 2008.

James Paul Green, Esq., Attorney at Law, San Francisco, CA, for Plaintiff–Appellant.

Stephen M. Hayes, Esq., Stephen P. Ellingson, Esq., Hayes Davis Ellingson, et al., LLP, Redwood City, CA, for Defendant–Appellee.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,** District Judge.

## MEMORANDUM ***

Dr. James W. Good appeals the grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") on his claim that State Farm breached the implied covenant of good faith and fair dealing under California law. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the underlying facts and procedure, we discuss them only as necessary to explain our disposition.

Dr. Good asserts that State Farm, acting in bad faith, wrongfully settled his liability to third parties involved in the multi-vehicle accident giving rise to cover-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

age because it erred in assessing him as primarily at fault. "To establish a bad faith claim, the insured must show that (1) benefits due under the policy were withheld and (2) the reason for withholding the benefits was unreasonable or without proper cause." *Century Sur. Co. v. Polisso*, 139 Cal.App.4th 922, 43 Cal.Rptr.3d 468, 487 (2006). State Farm paid all benefits due under the State Farm Mutual Automobile Policy ("Policy"). The Policy also expressly provided in "Section I–Liability–Coverage A" that "[State Farm] ha[s] the right to investigate, negotiate, and settle any claim or suit." Moreover, the Policy provided that Dr. Good's premium could be affected by his accident history and that State Farm was entitled to increase his premium. In any event, a settlement's impact on the future insurability of the insured does not create a cause of action for bad faith. *See W. Polymer Tech., Inc. v. Reliance Ins. Co.*, 32 Cal.App.4th 14, 38 Cal.Rptr.2d 78, 85 (1995) ("At least where the policy does not require the insured's consent to a settlement, there appears to be no precedent for holding an insurer liable for injury to an insured's reputation as a result of the settlement of a third party claim"); *Hurvitz v. St. Paul Fire and Marine Ins. Co.*, 109 Cal.App.4th 918, 135 Cal.Rptr.2d 703, 714–15 (2003) (rejecting the plaintiffs claim that an "insurer must at least consider the potential impact on the insured's future premiums when it settles a third party lawsuit.").

 Nor did the district court err in concluding that there could be no bad faith liability predicated upon State Farm's alleged unreasonable investigation of Dr. Good's insurance claim. California courts have concluded that unreasonable investigation is actionable under bad faith only when the insurance company denies or limits a claim after an unreasonable investigation. *See Gourley v. State Farm Mut.*

*Auto. Ins. Co.*, 53 Cal.3d 121, 3 Cal.Rptr.2d 666, 822 P.2d 374, 378 (1991) ("The substance of a bad faith action in these first party matters is the insurer's unreasonable refusal to pay benefits under the policy."); *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal.3d 809, 169 Cal.Rptr. 691, 620 P.2d 141, 145–46 (1979) (finding bad faith when an insurance company did not take ordinary steps to investigate possible bases for an insured's claim). State Farm paid Dr. Good's claim and its investigation and review of the accident show no deliberate attempt to frustrate Dr. Good's expectations. *See Polisso*, 43 Cal.Rptr.3d at 487.

**AFFIRMED.**